[No. 7,048.—In Bank.]

## CITY OF LOS ANGELES *v.* J. J. MELLUS et al.

Former Adjudication—Estoppel—Verdict—Finding—Trial.—A final judgment entered upon a general demurrer to the complaint, is a bar to another action on the same cause.

Appeal from a judgment for the plaintiff in the Seventeenth District Court, County of Los Angeles. Sepulveda, J.

In the case of this defendant, the general verdict and the judgment were for the plaintiff.

*Glassell, Smith & Smith,* for Appellant.

The issue of estoppel by former judgment is specially found in favor of defendants. And in this appeal, Mellus being appellant, the finding can not be reviewed. Respondent objects that the Court erred in making an additional finding, but the objection can not be sustained. The Court, with the acquiescence and consent of the plaintiff, refused to submit this issue to the jury, and expressly reserved it for its own finding.

Plaintiff can not now insist that this issue should have been submitted to the jury. (*Carr* v. *Carr,* 52 N. Y. 254; *Harris* v. *N. I. R. R. Co.,* 20 id. 239; *Hotchkins* v. *Hodge,* 38.

Barb. 123; *Dows* v. *Rush,* 28 id. 157; Code Civ. Proc., § 646.) This ruling, as well as the ruling of the Court refusing to strike out the findings, must, on this appeal, be taken as the law of the case. (*Helbing* v. *Svea Ins. Co.,* 54 Cal. 156 ; L. J. 556; *Emerson* v. *Santa Clara Co.,* 40 Cal. 543; *Trenor* v. *Cent. P. R. Co.,* 50 id. 233.)

The plaintiff should have moved for a new trial; or at least should have appealed from the order refusing to strike out the findings. This point we submit is well taken, whether we consider the action to be at law (as respondent claims it to be), or in equity (as we claim it to be). Upon the point that it is an equitable action, see respondent's points and authorities in case No. 6,841.

*John F. Godfrey,* for Respondent.

This being an appeal on the judgment roll, all the findings of the facts of the jury are conclusive. Upon the question of former adjudication. we refer to our points and authorities in Case 6,841.

The Court:

It was stipulated that the transcript in case No. 6,841, *supra,* in this Court should constitute the transcript on this appeal. The appellant in this appeal is one of the defendants in the action in which that appeal was taken, and the facts are the same, except that the Court below rendered judgment against this appellant.

The Court found the rendition of the former judgment. The record before us does not show that the finding was not sustained by the evidence. (See opinion in case No. 6,841, *supra.*) The former judgment was a bar to this action, it being found to be for the same cause of action. (*Robinson* v. *Howard,* 5 Cal. 428; *Terry* v. *Hammonds,* 47 id. 35; *Aurora City* v. *West,* 7 Wall. 99; *Kimbro* v. *V. R. R.,* 56 Ga. 187; Wells' Res. Adj. 371.)

Judgment reversed.

McKee, J., and Thornton, J., dissented.

Ross, J., being disqualified, took no part in the decision.