PRESCOTT ROBINSON, Trustee of Anna D. Howard, Appellant, *v.* CHARLES G. HOWARD, Respondent.

A judgment upon demurrer is not always a bar to a subsequent action. It is so only where it determines the whole merits of the case.

Where the answer shows that the demurrer was to the validity of the contract which gave rise to the claim, and this averment is found to be true as alleged, by the Judge at *nisi prius* upon inspecting the record of the case—the judgment upon demurrer is a bar to the suit.

APPEAL from the Superior Court of the City of San Francisco.

This was an action brought to foreclose a mortgage made by the respondent, C. G. Howard, to secure the performance of a contract made by Howard and his wife, Anna D. Howard.

By that contract, in contemplation of a future separation of the wife from the husband, and in consideration thereof, he agreed to pay to her, through Robinson as trustee, $100 per month, as long as she should live separate and apart from him.

Robinson first brought an action at law, in the Twelfth District Court, to recover the sum of $300, then alleged to be due on said con-

tract, setting forth the contract *verbatim* in the complaint. Howard demurred, on the ground that the contract was void on its face, and that according to the case made, the plaintiff had no cause of action. The issue on demurrer involved the whole merits of the case. The demurrer was sustained, and there was judgment final for the defendant in due course of law.

The respondent, in answering the complaint in this case, pleaded specially in bar the record and judgment above mentioned. On reading the judgment record upon the trial in this case, it was held to be conclusive, and the Court dismissed the complaint. Plaintiff appealed.

*Baker & Wistar*, for Appellants.

To constitute a bar, the previous proceeding must appear to be a judgment of a Court of concurrent jurisdiction directly upon the point, but it is not evidence of any matter which came collaterally in question, nor of any matter to be inferred by argument from the judgment. 13 Wend., 419. 4 Cowen, 559. 3 Ib., 120.

*E. W. F. Sloan*, for Respondent.

Argued that the judgment on demurrer was correct, and operated as an estoppel to the plaintiff's recovery in the present case, and cited St. John *v.* St. John, 11 Ves., 526. Rogers *v.* Rogers, 4 Paige, 516. Simpson *v.* Simpson, 4 Dana, 140. Jee *v.* Thurlow, 2 B. & C., 549. Elworthy *v.* Bird, 2 Sim. and Stu., 372.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

There can be no doubt that the first judgment set up in the answer was a bar to this suit. A judgment upon demurrer is not always a bar to a subsequent action, but only when it determines the whole merit of the case.

Here the averment of the answer shows that the demurrer went to the validity of the contract which gave rise to the claim, and this averment is found to be true as alleged, by the Judge at *nisi prius*, upon inspecting the record of that case.

Judgment affirmed.