## GOULD *v.* EVANSVILLE AND CRAWFORDSVILLE R.R. Co.

If judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant or his privies any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; but, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is supplied in the second suit, the judgment in the first suit is not a bar to the second.

ERROR to the Circuit Court of the United States for the District of Indiana.

This was an action brought by the plaintiff in error against the defendant to recover the amount of a judgment rendered by the Supreme Court of the State of New York in favor of the plaintiff's testator against the defendant corporation.

The defendant pleaded in bar a judgment in its favor on demurrer to the declaration, in a suit brought on the same cause of action in the Knox Circuit Court of Indiana.

A demurrer to this plea was overruled: whereupon the plaintiff below replied, alleging material differences between the facts stated in the declaration in this case and those stated in the declaration in the case in the Knox Circuit Court, claiming that the judgment on demurrer to the declaration in the Knox Circuit Court was not a judgment on the merits. To this replication a demurrer was sustained, and the plaintiff below excepted.

The merits of the case are fully stated in the opinion of the court.

The case was argued by *Mr. C. Tracy* for the plaintiff in error, and by *Mr. Asa Iglehart* for the defendant in error.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Special pleading is still allowed in certain jurisdictions; and, if the plaintiff and defendant in such a forum elect to submit their controversy in that form of pleading, the losing party must be content to abide the consequences of his own election.

Due service of process compels the defendant to appear, or to submit to a default; but, if he appears, he may, in most jurisdictions, elect to plead or demur, subject to the condition, that, if he pleads to the declaration, the plaintiff may reply to his plea, or demur; and the rule is, in case of a demurrer by the defendant to the declaration, or of a demurrer by the plaintiff to the plea of the defendant, if the other party joins in demurrer, it becomes the duty of the court to determine the question presented for decision; and if it involves the merits of the controversy, and is determined in favor of the party demurring, and the other party for any cause does not amend, the judgment is in chief; and it is settled law that such a judgment of the Circuit Court, if the sum or value in controversy is sufficient, may be removed into this court for re-examination by writ of error, under the twenty-second section of the Judiciary Act. *Suydam v. Williamson,* 20 How. 436; *Gorman v. Lenox,* 15 Pet. 115.

Pleadings which were subsequently abandoned will be passed over without notice, except to say that the suit was commenced by the testator in his lifetime. Briefly described, the suit referred to was an action of debt to recover the amount of a judgment which the testator of the plaintiff, as he alleged, recovered on the 3d of August, 1860, against the defendant corporation, in the Supreme Court of the State of New York, by virtue of a certain suit therein pending, in which, as the decedent alleged, the court there had jurisdiction of the parties and of the subject-matter of the action; and he also alleged that the judgment still remains in full force, and not in any wise vacated, reversed, or satisfied. Defensive averments, of a special character, are also contained in the declaration; to which it will presently become necessary to refer in some detail, in order to determine the principal question presented for decision. Suffice

it to remark in this connection, that the testator of the plaintiff alleged in conclusion, that, by virtue of the several allegations contained in the declaration, an action had accrued to him to demand and have of and from the defendant corporation the sum therein mentioned, with interest from the date of the judgment.

Service was made, and the corporation defendants, in the suit before the court, appeared and pleaded in bar of the action a former judgment in their favor, rendered in the County Circuit Court of the State of Indiana for the same cause of action, as more fully set forth in the record; from which it appears that the testator of the present plaintiff, then in full life, impleaded the corporation defendants in an action of debt founded on the same judgment as that set up in the present suit, and alleged that he, the plaintiff, instituted his action in that case, in the Supreme Court of the State of New York, against the Evansville and Illinois Railroad Company, a corporation created by the laws of the State of Indiana; that the said corporation defendants appeared in the suit by attorney; that such proceedings therein were had, that he, on the 3d of August, 1860, recovered judgment against the said corporation defendants for the sum therein mentioned, being for the same amount, debt and cost, as that specified in the judgment set up in the declaration of the case before the court; that the declaration in that case, as in the present case, alleged that the court which rendered the judgment was a court competent to try and determine the matter in controversy; and that the judgment remains in full force, unreversed, and not paid.

Superadded to that, the defendants in the present suit allege, in their plea in bar, that the plaintiff averred in the former suit that the said Evansville and Illinois Railroad Company, by virtue of a law of the State of Indiana, consolidated their organization and charter with the organization and charter of the Wabash Railroad Company; that the two companies then and there and thereby became one company, by the corporate name of the Evansville and Crawfordsville Railroad Company; that the consolidated company then and there by that name took possession of all the rights, credits, effects, and property of the two separate companies, and used and converted

the same, under their new corporate name, to their own use,
and then and there and thereby became and were liable to pay
all the debts and liabilities of the first-named railroad company,
of which the claim of the plaintiff in that suit is one; that the
plaintiff also averred that the consolidated company from that
date directed and managed the defence wherein the said judg-
ment was rendered, and that the act of consolidation and the
aforesaid change of the corporate name of the company were
approved by an act of the legislature of the State; that the
consolidated company became and is liable to pay the judg-·
ment, interest, and cost; that a copy of the judgment and pro-
ceedings mentioned in the declaration in that suit, as also copies
of all the acts of the legislature therein referred to, were duly
filed with said complaint as exhibits thereto; that the cor-
poration defendants appeared to the action, and demurred to
the complaint; and that the court sustained the demurrer, and
gave the plaintiff leave to amend.

But the record shows that the plaintiff in that case declined
to amend his declaration, and that the court rendered judgment
for the defendants. An appeal was prayed by the plaintiff; but
it does not appear that the appeal, if it was allowed, was ever
prosecuted; and the present defendants aver, in their plea in
bar, that the matters and things set forth in the declaration
in that case are the same matters and things as those set forth
in the declaration in the present suit; that the plaintiff im-
pleaded the defendants in that suit, in a court of competent
jurisdiction, upon the same cause of action, disclosing the same
ground of claim, and alleging the same facts to sustain the
same, as are described and alleged in the present declaration;
that the court had jurisdiction of the parties and of the subject-
matter, and rendered a final judgment upon the merits in
favor of the defendants and against the plaintiff, and that the
judgment remains unreversed and in full force.

Plaintiff demurred to the plea; and the defendants joined in
the demurrer, and the cause was continued. During the vaca-
tion, the original plaintiff deceased; and it was ordered that the
cause be revived in the name of the executrix of his last will
and testament. Both parties subsequently appeared and were
heard; and the court, consisting of the circuit and dist ict judges,

overruled the demurrer to the plea in bar, and decided that the plea is a good bar to the action.

Instead of amending the declaration pursuant to the leave granted, the plaintiff filed a replication to the plea in bar, to the effect following, — that the decision of the County Circuit Court of the State was not a decision and judgment on the merits of the case, but, on the contrary thereof, the judgment of that court only decided that the complaint or declaration did not state facts sufficient to sustain the action, in this, that, according to the allegations of the complaint, the original Evansville and Illinois Railroad Company, on the taking place of the alleged consolidation as set forth in the complaint, ceased to exist as a separate corporation; and that the complaint did not state any matters of fact showing a revivor of the suit against the consolidated company, or any facts which rendered such a revivor unnecessary; that the following allegations contained in the declaration in this case, and which were not contained in the complaint in the prior case, fully supply all the facts, for the want of which the demurrer was so sustained by the judge of the County Circuit Court, and in the defence of which he, the said judge, held that the suit had abated by the consolidation.

Matters omitted in the former declaration and supplied in the present, as alleged in the replication of the plaintiff, are the following: (1.) That the two companies, on the 18th of November, 1852, by virtue of the act to incorporate the Wabash Railroad Company, consolidated their charters, and united into one company under the name and style of the Evansville and Illinois Railroad Company; and that the consolidated company, under that name, continued to appear to and defend the said action in the said Supreme Court. (2.) That the legislature of the State of Indiana subsequently enacted that the corporate name of the consolidated company should be changed, and that the same should be called and known by the name of the Evansville and Crawfordsville Railroad Company, by which name the defendants have ever since been and now are known and called. (3.) That the act of the legislature changing the name of the consolidated company was subsequently duly and fully accepted by the directors of the company, and that the company became

and was liable for all acts done by the two companies and each of them. (4.) That the consolidated company appeared and defended the said action in the Supreme Court of the State of New York by the name of the Evansville and Illinois Railroad Company, and continued to defend the same until final judgment was rendered in the case. (5.) That it did not, in any manner, appear in the former suit that the act of the legislature changing the name of the consolidated company ever went into force by its acceptance, or that the consolidated company had thereby, and by the acceptance of said act, become liable for all acts done by the said two companies before the consolidation, as is provided in the second section of said legislative act. Wherefore the plaintiff says that the decision in that case was not in any manner a decision upon its merits, nor in any manner a bar to this action.

Responsive to the replication, the defendants filed a special demurrer, and showed the following causes: (1.) That the reply is insufficient in law to enable the plaintiff to have and maintain her action. (2.) That the reply does not state facts sufficient to constitute a defence to the defendants' plea. (3.) That the reply does not state facts sufficient to constitute a good reply, nor to avoid the defendants' plea.

Hearing was had; and the court sustained the demurrer to the replication, and rendered judgment for the defendants; and the plaintiff sued out the present writ of error.

Questions of great importance are presented in the pleadings, all of which arise, in the first instance, from the demurrer of the defendants to the replication of the plaintiff. Leave to plead over by the plaintiff, after the testator's demurrer to the defendants' plea in bar, is not shown in the record; but, inasmuch as the replication of the plaintiff to the plea was filed without objection, the better opinion is that it is too late to object that the replication was filed without leave.

Technical estoppels, it is conceded, must be pleaded with great strictness; but when a former judgment is set up in bar of a pending action, or as having determined the entire merits of the controversy involved in the second suit, it is not required to be pleaded with any greater strictness than any other plea in bar, or any plea in avoidance of the matters alleged in the

antecedent pleading. Reasonable certainty is all that is required in such a case, whether the test is applied to the declaration, plea, or replication, as the party whose pleading is drawn in question cannot anticipate what the response will be when he frames his pleading.

Cases undoubtedly arise where the record of the former suit does not show the precise point which was decided in the former suit, or does not show it with sufficient precision, and also where the party relying on the former recovery had no opportunity to plead it; but it is not necessary to consider those topics, as no such questions are presented in this case for decision. Aside from all such questions, and independent even of the form of the plea in bar, the plaintiff makes several objections to the theory of the defendants, that the former judgment set up in the plea is a conclusive answer to the cause of action alleged in the declaration.

*First*, They contend that a judgment on demurrer is not a bar to a subsequent action between the same parties for the same cause of action, unless the record of the former action shows that the demurrer extended to all the disputed facts involved in the second suit, nor unless the subsequent suit presents the same questions as those determined in the former suit.

*Secondly*, They also deny that a former judgment is, in any case, conclusive of any matter or thing involved in a subsequent controversy, even between the same parties for the same cause of action, except as to the precise point or points *actually* litigated and determined in the antecedent litigation.

*Thirdly*, They contend that the declaration in the former suit did not state facts sufficient to sustain the alleged cause of action, and that the present declaration fully supplies all the defects and deficiencies which existed in the said former declaration.

1. Much discussion of the first proposition is unnecessary, as it is clear that the parties in the present suit are the same as the parties in the former suit; and it cannot be successfully denied that the cause of action in the pending suit is identical with that which was in issue between the same parties in the suit decided in the county circuit court. Where the parties and

the cause of action are the same, the *prima facie* presumption is that the questions presented for decision were the same, unless it appears that the merits of the controversy were not involved in the issue; the rule in such a case being, that where every objection urged in the second suit was open to the party, within the legitimate scope of the pleadings, in the first suit, and might have been presented in that trial, the matter must be considered as having passed *in rem judicatam*, and the former judgment in such a case is conclusive between the parties. *Outram* v. *Morewood*, 3 East, 358; *Greathead* v. *Bromley*, 7 Term, 452.

2. Except in special cases, the plea of *res judicata* applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time. 2 Taylor's Ev., sect. 1513; *Henderson* v. *Henderson*, 3 Hare, 115; *Stafford* v. *Clark*, 2 Bing. 382; *Miller* v. *Covert*, 1 Wend. 487; *Bagot* v. *Williams*, 3 B. & C. 241; *Roberts* v. *Heine*, 27 Ala. 678.

Decided cases may be found in which it is questioned whether a former judgment can be a bar to a subsequent action, even for the same cause, if it appears that the first judgment was rendered on demurrer: but it is settled law, that it makes no difference in principle whether the facts upon which the court proceeded were proved by competent evidence, or whether they were admitted by the parties; and that the admission, even if by way of demurrer to a pleading in which the facts are alleged, is just as available to the opposite party as if the admission was made *ore tenus* before a jury. *Bouchard* v. *Dias*, 3 Den. 244; *Perkins* v. *Moore*, 16 Ala. 17; *Robinson* v. *Howard*, 5 Cal. 428; *Aurora City* v. *West*, 7 Wall. 99; *Goodrich* v. *The City*, 5 id 573; *Beloit* v. *Morgan*, 7 id. 107.

From these suggestions and authorities two propositions may be deduced, each of which has more or less application to certain views of the case before the court: (1.) That a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established

in the former case, as well as in the latter, by matter of record; and the rule is, that facts thus established can never after be contested between the same parties or those in privity with them. (2.) That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless. *Rex* v. *Kingston*, 20 State Trials, 588; *Hutchin* v. *Campbell*, 2 W. Bl. 831; *Clearwater* v. *Meredith*, 1 Wall. 43; Gould on Plead., sect. 42; *Ricardo* v. *Garcias*, 12 Cl. & Fin. 400.

Support to those propositions is found everywhere; but it is equally well settled, that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right; for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action. *Aurora City* v. *West*, 7 Wall. 90; *Gilman* v. *Rives*, 10 Pet. 298; *Richardson* v. *Barton*, 24 How. 188.

Viewed in the light of that suggestion, it becomes necessary to examine the third proposition submitted by the plaintiff; which is, that the demurrer to the declaration in the former suit was sustained because the declaration was materially defective, and that the present declaration fully supplies all such imperfections and defects.

Different forms of expression, it may be conceded, are used, in several instances, in the declaration in the last suit, from those employed in the complaint exhibited in the former suit; but the substance and legal effect of the two pleadings, in the judgment of the court, are the same in all material respects. Even without any explanation, it is so apparent that the first and second alleged differences in the two pleadings are unsubstantial, that the objections may be passed over without further

remark.   Nor is there any substantial merit in the third suggestion in that regard, when the same is properly understood.

3. It is to the effect that the legislative act changing the name of the consolidated companies was accepted by the directors: but the complaint in the former suit alleged that the consolidated companies adopted the name of the Evansville and Crawfordsville Railroad Company, and that they took possession of all the rights, credits, and property of the two companies, and used and converted the same to their own use, in said corporate name; and that said company then and there and thereby became and were liable to pay all the debts and liabilities of the consolidated company, of which the claim of the plaintiff is one.

4. All that need be said in response to the fourth alleged difference is, that the plaintiff averred in the former suit that the defendants, from the consolidation to the rendition of the judgment, by their attorney, directed and managed the original suit wherein the judgment in question was rendered.

5. Finally, the complaint is that it did not appear in the record of the former suit that the act of the legislature changing the name of the consolidated company ever went into force by the acceptance of the same, or that the consolidated company ever became liable for the acts of the two companies done by those companies before the consolidation took place.

Sufficient has already been remarked to show that there is no merit in that objection, for the reason that it appears in the former complaint that the two companies, by virtue of the legislative act, became consolidated, and that the name assumed by the consolidated company was changed by an act of the legislature; that the consolidated company, by the new corporate name, took possession of all rights, credits, effects, and property of the original consolidated company, and that they, under that corporate name, became liable to pay all the debts and liabilities of the prior consolidated company; and they subsequently, by their attorney, directed and managed the defence in the suit wherein the said judgment was rendered.

Tested by these considerations, it is clear that the proposition that the defects, if any, in the declaration in the former suit

were supplied by new allegations in the present suit, is not supported by a comparison of the two pleadings. Should it be suggested that the demurrer admits the proposition, the answer to the suggestion is, that the demurrer admits only the facts which are well pleaded; that it does not admit the accuracy of an alleged construction of an instrument when the instrument is set forth in the record, if the alleged construction is not supported by the terms of the instrument. *Ford* v. *Peering*, 1 Ves. Jr. 78; *Lea* v. *Robeson*, 12 Gray, 280; *Redmond* v. *Dickerson*, 1 Stockt. 507; *Green* v. *Dodge*, 1 Ham. 80.

Mere averments of a legal conclusion are not admitted by a demurrer unless the facts and circumstances set forth are sufficient to sustain the allegation. *Nesbitt* v. *Berridge*, 8 Law Times, N. s. 76; *Murray* v. *Clarendon*, Law Rep. 9 Eq. 11; Story's Eq. Plead. 254 *b*; *Ellis* v. *Coleman*, 25 Beav. 662; *Dillon* v. *Barnard*, 21 Wall. 430.

Examined in the light of these authorities, it is clear that the construction of the declaration in the former suit, as well as in the present, is still open, and that there is no error in the record. .                      *Judgment affirmed.*

Mr. Justice Bradley dissented.