Drake, Ch. J.,
delivered the opinion of the court:
A rule of this court requires the petition in any suit brought here to set forth “a plain, concise statement of the facts and circumstances, free from argumentative and impertinent matter.”
The petition in this case contains four counts; the first of which is complete itself; but the other three, the claimant says, are only different forms of statement of the same claim, and under either or all of them he only claims the one sum named in them.
The first count proceeds upon a written contract, alleged to have been entered into, December 10,1872, between the Board of Public Works of the District of Columbia and the Ballard Pavement Company, for laying down wooden pavements; the only evidence of which contract, disclosed by the findings, is the following letter, written to that company by one Charles S. Johnson, a clerk of the board, who was styled assistant secretary :
“Board of Public Works,
“District of Columbia,
“ Washington, Lec’r 10th, 1872.
“The Ballard Pavement Co., Washington, D. C.:.
“Tour proposition of this date, as follows: ‘The Ballard Pavement Co. hereby make proposals for the following work with accompanying conditions: We will put down preserved wood pavement as follows': The Ballard block, the Perry block, or the wedge-shape block, such as laid by Filbert & Taylor in this city, as the contractors may elect, either to stand five inches high, for three dollars and fifty cents per square yard; *454 and we hereby ask for seventy five thousand square yards— contractors to have during the year 1873 within which to complete this work. The Board not to stop the work without a gross violation of the contract on the part of the contractors; the streets to be designated by the Board at such times as the company shall be ready to commence work; said work to be paid for as the same progresses. We also hereby apply for a separate and a further contract, for so much of the grading, hauling, and filling as is not embraced in the contract for paving and for setting the curbing on the streets to be paved by us at Board prices, subject to conditions of the paving contract,’ is this day accepted.
“By order of the Board.
“Chas. S. Johnson,
“Asst. Secretary.”
This count alleges that “in pursuance of said contract, and in part execution and performance thereof” the board designated nine different pieces of work to be done by the company, all of which the company did, to an aggregate amount of about 35,000 square yards; and were prepared and ready to do all the rest of the 75,000 square jards Specified in their proposition, but the board failed and refused to designate any more to be done by the company; whereby they were damaged in the sum of $100,000.
The second, third, and fourth counts all refer to the work actually done by the company, for which they received certificates of the auditor of the board, stating amounts due the company ; which certificates the company sold at about 50 cents on the dollar, realizing therefrom only $69,784.92^; and the claimant demands from the defendant the other half of the amount of the certificates, on the following grounds: 1. That work was, by the terms of the supposed contract to be.paid for in cash as it progressed, and the board failed so to pay: 2. That by failing so to pay them, and giving them auditor’s certificates, the company became authorized to act as agent of the board, and on its behalf to sell the certificates at their market value;. and the company did sell them on behalf of the board at 50 cents on the dollar of their face value; and 3. That the company accepted the certificates as chattels and commodities, at their market value, which was then 50 cents on the dollar, after realizing which from their sale there remained due to the company the other half of the aggregate sum, viz: $69,784.92£.
*455 For this sum the claimant sues alone, his copartners having transferred to him all their interest in the claim.
Having thus preliminarily stated the case as presented in the petition, we proceed to examine the case made by the facts. In regard to those facts we deem it proper to say, that they have been found almost wholly on the evidence of the claimant and his former partners in the Ballard Pavement Company. If, therefore, their case has not been satisfactorily established, the presumption is that they had not a very establishable case.
The great point in the case is, whether the proposition made' by the company to the Board of Public Works, and which the letter of Johnson said had been “accepted by order of the board,” constituted a contract between the company and the board.
Under some circumstances we can see that it might be plausibly, if not forcibly, contended, that a written proposition signed by a party and made to the board, and by the board accepted in writing, would meet the statutory requirement (16 Stat. L., 427, §37), that “all contracts made by the Board of Public Works shall be in writing, and shall be signed by the parties making the same ” ; bnt that is by no means this case.
The question here is, whether the board did, in fact, accept the company’s proposition. If it did not, then there is no foundation, in whole or in part, for the claimant’s case as stated in the petition.
The only fact found tending to prove such an acceptance, is the letter of Johnson. Wliat that document, standing by itself, might be held to establish, is not a question before us; but what it proves in connection with other facts found, and with still others which might be expected to appear in the case, but are found not to appear; in reference to which points we transcribe here this portion of finding III:
“The journal of said board does not show that said proposition was ever before the board; nor does any acceptance thereof by the board appear, otherwise than by the statement of said letter; nor does it appear that said Johnson was author, ized by said board to write said letter; nor does it appear that the board or any member of it, except Alexander R. Shepherd, either saw or knew of said letter before or on the said 10th of December, 1872; nor can the original proposition, as drawn up by the claimant and said Ballard, be anywhere found among *456 the papers or files of the board or of the District of Columbia, though searched for there; nor can any copy of said Johnson’s letter be found in tbe books or files of the board, or of the said District, though searched for there, and though it was the practice of the board to keep press copies of all letters that went out of its office.” .
Upon these facts we have no hesitation in concluding that the letter of Johnson was not authorized by the board, and therefore could have no effect in law'to bind the board.
Does this necessarily imply a charge against Johnson of having, without authority from any official quarter, written a letter stating a falsehood % It might have that effect, but for the facts set out in finding IV, as follows :
“ In all the transactions hereinafter set forth, connected with the matter of paving streets by the said company, no member of the company had any personal intercourse with the said board, at any meeting thereof, in relation to that work. Their intercourse in regard to it was almost wholly with said Alexander R. Shepherd. It took place sometimes at his store, and sometimes at the office of the board. When it took place at his store, it does not appear that any other member of the board was present; when it took place at the office of the board, if other members of the board were present, and any member of the company spoke to them about the matter of that work, they would refer him to said Shepherd. It was always difficult and generally impossible for the claimant, as the representative of the company, to have any interview on that subject with any member of the board except said Shepherd, and nobody else would ordinarily talk to the claimant or his partners on the subject; or if they did, it would be when Shepherd was present, and then merely to take part in the conversation; and when the company desired work to be designated for them to do, they called on said Shepherd, supposing that whenever he said anything about the work in the District, he represented the board o"f public works, — was the mouth-piece of the board.”
The facts thus stated are found almost in the words of the claimant and the other members of the Ballard Pavement Company, and they have historical value, as well as an important bearing upon this case. They lead us irresistibly to the conclusion, that this was one of the cases, in which Alexander R. Shepherd was dealt with by outside parties on the supposition, if not conviction, that he was, for all practical purposes, the Board of Public Works, as he probably was, to a great extent, *457 toward them, but more especially toward the employés in the office of the board.
It is only just to Johnson to hold that he would not have written that letter without some official authorization which seemed to him sufficient. It does not explicitly appear who gave him authority or direction to write it; but it is certain that the Board of Public Works did not give it. It is also certain that the findings ■ do not disclose any other person than Shepherd, to whom was conceded such authority in the business of the board as led it to be supposed that he was, in effect, the board itself. Such being the case, we have only to recur to the fact stated in finding II, that the claimant and Ballard had been in negotiation with Shepherd before they wrote the company’s proposition, to be satisfied that it was lie who authorized Johnson to write the letter.
If he did, then the point is, whether the letter was legally binding on the board. This is very much like the matter we parsed on in the Neuchatel Paving Co.’s Case (17 C. Cls. R., 386). There the question was whether Shepherd’s agreements, uttered in conversations, bound that body; and we held that they did not. Here it is whether his verbal direction — for none in writing is shown — to Johnson to write the letter, had the effect of making the letter the act of the board; and we are clear in holding that it did not.
In no view that has seemed to us worthy of acceptance is the letter of Johnson of the least value to the claimant’s case, and we therefore put it wholly aside, along with the proposition which it purported to answer. With them out of the case the whole claim of the first count for $100,000 damages falls to the ground.
And yet it is one of the remarkable features of this case that 'the claimant rests his whole demand on that proposition, in the face of its being proved and found — that no officer of the board ever recognized that proposition as a contract; that the engineer of the board refused to give the company any measurements of work unless there was a regular written contract signed by the board; that five of such contracts were entered into and signed by the board and the company; that every yard of pavement laid by the company was laid under one or the other of those five contracts; that every engineer’s certifi *458 cate of measurement gave on its face the number of one of those contracts as that under which the work named in the certificate had been done; that the company signed a receipt for every such certificate, and that upon those certificates the company received the auditor’s certificates, which they voluntarily sold in the market for fifty cents on the dollar.
Notwithstanding those indisputable facts, the petition takes up the transactions under those five contracts and treats them as if they had occurred under the proposition of December 10, 1872. There is not the least justification for this attempt to shift the case from its true basis to a false one. If the company suffered the losses averred in the petition, it was under the said five contracts, and not at all in connection with that proposition, and therefore they could not possibly be recovered for under a petition which relies wholly on that proposition, and entirely ignores those contracts.
Another and more remarkable feature of the case is, that while the petition avers that the company sold the auditor’s certificates, at a loss of about one-half of their face value, the argument of claimant’s counsel, at the trial, proceeded wholly upon the assumption that the company had hypothecated the certificates; and because the board did not pay the company in cash, as the work progressed, they could not redeem the certificates ; which thereby were lost to them. The facts as found furnish no ground for such a claim. We find that the company received the certificates merely as evidence of what was due them, and went into the market and sold them; and that there was no agreement between the company and the board as to what the company should do with the certificates; and that it does not appear that the board had any knowledge of what the company did with them. This disposes of the whole claim resting on the supposed hypothecation. It had nothing to do with the case stated in the petition; and now that the facts have been judicially found, it is plain that it has nothing to do with the real case presented by those‘facts.
The next matter to be disposed of is the plea of res judicata, based on the action of the Supreme Court of the District of Columbia, in a suit brought by William W. Ballard, Edward L. Marsh, and the claimant, as the Ballard Pavement Company, against the District, to recover damages, alleged to have been *459 sustained by them under the said proposition and said Johnson’s letter, by reason that the proper authorities of the District had neglected and refused to designate the work, or any part thereof, under the contract alleged to have been made by that letter, though often requested by the company so to do; whereby the company had sustained damage in the sum of $100,000.
The defendant demurred to the declaration, in the Supreme Court of the District, on the ground that it was bad in substance; which, we are advised, is the form of general demurrer in use in' that court.
This demurrer the court sustained, and rendered a judgment, of which the following is the record entry:
“And now again come here as well the plaintiff as the defendant by their respective attorneys; and thereupon, after argument of the cause by Mr. Grow on behalf of the plaintiff, and the submission of said cause to the court, because it appears to the court that the declaration is bad in substance, it is considered by the court that the demurrer thereto be and the same is hereby sustained, and that the plaintiff take nothing by his suit, and that the defendant go thereof without day and recover against the plaintiff the costs of its defense to be taxed by the clerk, and have execution thereof.’’
Is this judgment a bar to the present suit so far as the cause of action in the first count is concerned?
The parties are not identical in person, but they are in interest. The only difference is that all the partners sued there, while here only one sues, he having become the assignee of the interest of his copartners.
The supposed contract is identical with that set up in the petition ip this case, and the breach alleged is the same in kind, but not in degree, as that alleged in the first count of the petition. In the other court they sued for a total breach of the contract, by the refusal to designate any work to be done under it; while here the refusal is averred to have extended to only 40,000 out of the 75,000 cubic yards specified in the contract. If the judgment on the demurrer would be a bar to a new suit for withholding the whole work, it is a bar to a suit for withholding a. part of the work. The question then is, whether a judgment on demurrer is a bar to a subsequent action between the same parties for the same cause of action.
On this point we. need only refer to the language of the *460 Supreme Court of the United States in Gould v. Evansville & C. R. R. Co. (91 U. S. R., 526), where it was held, (1.) That a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is, that facts thus established can never after be contested between the same parties or those in privity with them. (2.) That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless.
Guided by these views we hold that the judgment of the Supreme Court of the District is a bar of the first count of the petition in this case.
Finally: the very claim set up in that count was, as stated in finding XV, presented to the Board of Audit, and was by that board examined and disallowed. The act giving us jurisdiction of claims against the District of Columbia expressly declares “ that no claim shall be presented to or be considered by the Court of Claims under the provisions' of this act which was rejected by the Board of Audit.” (21 Stat. L., 284, ch. 243, § 8; 1 Suppl. Bev. Stat., 564.) In our opinion the defense might have thrown this case out of this court under that provision alone; but it was doubtless better that the whole facts should be judicially found, and the law upon them declared, so as to make a recorded finality of the matter.
The judgment of the court is that the claimant’s petition be dismissed.