LINDSLEY v. UNION SILVER STAR MIN. CO.

(Circuit Court of Appeals, Ninth Circuit. March 10, 1902.)

No. 723.

RES JUDICATA—JUDGMENT ON DEMURRER.

A judgment dismissing an action on plaintiff's declining to amend
after the sustaining of a demurrer to the complaint on the ground
that it did not state sufficient facts to constitute a cause of action is
one on the merits, and may be pleaded in bar of a second action be-
tween the same parties on the same cause of action.

In Error to the Circuit Court of the United States for the Northern
Division of the District of Idaho.

This was an action brought by the plaintiff in error against the defendant
in error to recover possession of the mining ground and premises described
in the complaint. The defendant pleaded in bar a judgment in its favor
upon a demurrer to the complaint in a suit brought by the same plaintiff
against the defendant upon the same cause of action in a district court
of the state of Idaho. This plea alleged the commencement of an action
in the state court by plaintiff against the defendant, for the purpose of
determining the title of the plaintiff as against the adverse claim of the
defendant to the mining ground and premises in dispute between the par-
ties; the filing of an answer by the defendant to plaintiff's complaint, and
also by leave of the court the filing of an amended demurrer to the same
complaint; the hearing upon the amended demurrer; the judgment of the
court sustaining the demurrer; and, upon the failure of the plaintiff to amend
the complaint, the final judgment of the court dismissing the action. Copies
of these pleadings and proceedings in the state court were attached to the
plea, and made a part thereof. The plea further alleged that the action in
the state court was the same cause of action set forth in the complaint in
the present action; that the state court was a court of competent jurisdiction
to hear and determine said action; that said court had jurisdiction both
of the subject-matter of said action and of the parties plaintiff and defend-
ant therein; that they are the same parties plaintiff and defendant in the
present cause of action; that plaintiff was duly represented by counsel at
every stage of said action in the state court; that the judgment rendered
by the state court in said action remains in full force, and is unreversed,
and that no proceedings whatever have been taken by the plaintiff to take
or prosecute an appeal therefrom; that the matters and things set forth
in the complaint in said action in the state court are the same matters
and things as those set forth in the complaint in this action; that the said
two complaints disclose the same ground of claim and allege the same
facts to sustain the same; and that said judgment in the state court was a
final judgment upon the merits in favor of the defendant and against the
plaintiff. To this plea the plaintiff interposed a demurrer on the ground
that the said plea did not state facts sufficient to constitute a defense to the
action. Upon the issue raised by this demurrer to the plea the court entered

a judgment in favor of the defendant, and dismissed the action. 106 Fed. 468. To reverse this judgment the plaintiff prosecutes this writ of error.

Charles P. Lund and Laurence R. Hamblen, for plaintiff in error.

Domer & Estep, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). The only question raised by the demurrer to the plea was whether the plea stated facts sufficient to constitute a defense to the action. A plea of former adjudication is sufficient if it alleges that the former action was between the same parties, and presented the same cause of action, in a court of competent jurisdiction, and that the judgment of the court was upon the merits of the case. 9 Enc. Pl. & Prac. 620, 621; Gould v. Railroad Co., 91 U. S. 526, 529, 23 L. Ed. 416. The plea in this case contained these allegations, supported by copies of the pleadings in the former case. The demurrer to the plea admitted that these allegations were true. But as these allegations were based upon the pleadings in the former case, and copies of these pleadings were attached to the plea, it remained to be determined by the circuit court as a question of law whether, in the former action, the judgment of the state court was upon the merits of the case. A judgment upon demurrer may be a judgment upon the merits. If so, its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties, or established by evidence submitted to the court or jury. No subsequent action can be maintained by the plaintiff if the judgment is against him on the same facts stated in the former complaint. If, in such a case, the court errs in sustaining a demurrer and entering a judgment for the defendant thereon when the complaint is insufficient, the judgment is nevertheless on the merits. It is final and conclusive until reversed on appeal. Until then the plaintiff cannot disregard it, and maintain another action. The effect of a judgment still in force is never diminished on account of any state of law on which it is founded. 1 Freem. Judgm. par. 267; 1 Herm. Estop. par. 273. In the former action the plaintiff alleged that since the 27th day of May, 1895, by himself and his predecessors in interest he had been, and was at that time, the owner and in the possession and entitled to the possession of certain mining ground situated in the county of Kootenai, in the state of Idaho, described in the complaint as the "Imperial Lode Mining Claim," situated in Pend d'Oreille mining district, county of Kootenai, state of Idaho, and situated on the east slope of Black Tail Mountain, and about 1,500 feet south of the Black Jack lode mining claim, the claim lying from the discovery 1,475 feet northerly and 25 feet southerly, with boundaries "commencing at the south center end post; thence 300 feet westerly to the northwest corner post; thence 300 feet easterly to the north center end post; thence 300 feet easterly to the southeast corner post; thence 1,500 feet southerly to the southwest corner post; thence 300 feet westerly to the place of beginning." The complaint then charges that "on or about the 1st day of November, 1898, while the plaintiff was so the owner of and in the possession of, and entitled to the possession of, the said Imperial lode mining claim hereinbefore described, the

defendant wrongfully entered into and upon the same and took possession of the said Imperial lode mining claim." Then follows a description of the ground in controversy, as follows: "A strip of ground about 105 feet wide along the apex of the said Imperial lode mining claim, running in a southerly direction along the apex of the said Imperial lode mining claim for a distance of about 800 feet; all of which said strip of ground is within the boundaries of the said Imperial lode mining claim." It is then charged that "defendant has ever since said time remained in possession of said strip of ground as above described, against the protest, and against the will, and without the consent of the said plaintiff, and that since about the 1st day of November, 1898, the said defendant has mined and dug and extracted ores from the said strip of ground, the property of the plaintiff, and has removed and shipped considerable bodies of said ore, and is now engaged in mining, digging, and extracting ores from said strip of ground, and threatens to remove and ship therefrom a large quantity of ore, to wit, of the value of about $1,000, to the great damage of the plaintiff." To this complaint the defendant interposed a demurrer, and for cause of demurrer averred: "(1) That the complaint did not state facts sufficient to constitute a cause of action; (2) that the complaint was ambiguous, unintelligible, and uncertain, in that the description of the alleged Imperial lode claim, so far as the same is alleged to have been trespassed upon by the defendant, was uncertain and defective, and not alleged with sufficient certainty to enable an officer, upon execution, to identify the same, or to enable the court to determine the area alleged to be wrongfully in possession of defendant, or determine the area in conflict as between the parties plaintiff and defendant in its decree." This demurrer was sustained by the court, and, the plaintiff declining to amend the complaint under the permission granted by the court, the court dismissed the case.

If the court was in error in sustaining the demurrer and entering a judgment for the defendant, it was the duty of the plaintiff to correct that error by proper proceedings on appeal in the state court. The error cannot be corrected here. The averments of the complaint to which the general demurrer was directed alleged the plaintiffs possession and ownership of the Imperial lode mining claim, and described its location and boundaries sufficiently to identify it upon the ground and in the locality where it was situated. North Noonday Min. Co. v. Orient Min. Co., 6 Sawy. 299, 310, 1 Fed. 552; Jupiter Min. Co. v. Bodie Consol. Min. Co. (C. C.) 11 Fed. 666, 677; Erhardt v. Boaro, 113 U. S. 527, 533, 5 Sup. Ct. 560, 28 L. Ed. 1113; Hammer v. Mining Co., 130 U. S. 291, 299, 9 Sup. Ct. 548, 32 L. Ed. 964; Doe v. Mining Co., 17 C. C. A. 190, 70 Fed. 455, 458; Carter v. Bacigalupi, 83 Cal. 187, 23 Pac. 361.

The complaint also charges the wrongful entry of the defendant upon the plaintiff's mining claim, and his possession of the same, against the will and without the consent of the plaintiff. These allegations constituted plaintiff's cause of action and his case upon the merits, and, being placed in issue by the demurrer, he is bound by the judgment. The special demurrer was directed to the alleged defective description of that part of plaintiff's claim charged to have

been trespassed upon by the defendant. It must be presumed that the judgment was upon the merits upon this special issue: First, because the plaintiff refused to amend his complaint under the permission granted by the court; and, secondly, because the complaint filed in the circuit court is not more certain or specific in describing the ground which it is alleged the defendant entered upon and at the time of the suit was engaged in mining and developing. In Gould v. Railroad Co., 91 U. S. 526, 23 L. Ed. 416, the action was commenced by the plaintiff in error against the defendant in the circuit court of the United States for the district of Indiana, to recover the amount of a judgment rendered by the supreme court of the state of New York in favor of the plaintiff's testator against the defendant. The defendant pleaded in bar a judgment in its favor on a demurrer to the declaration in a suit brought on the same cause of action in a state court in Indiana. A demurrer to this plea was overruled, whereupon the plaintiff replied, alleging a material difference between the facts stated in the declaration in the case in the United States circuit court and those stated in the declaration in the former case in the state court, claiming that the judgment on demurrer to the declaration in the state court was not a judgment upon the merits. To this replication a demurrer was sustained, and a judgment entered accordingly. The case was thereupon taken to the supreme court of the United States upon a writ of error. A very material difference between that case and the one at bar consists in the fact that in that case the plaintiff not only demurred to the defendant's plea, setting up the judgment in the state court, thus placing in issue the sufficiency of the plea as a legal defense to the cause of action, but, after the demurrer to the plea had been sustained, the plaintiff replied to the plea, alleging material differences in the facts stated in the two causes of action. In the case at bar the plaintiff has been content to stand upon the demurrer to the defendant's plea, thus placing in issue merely the sufficiency of the defendant's plea as a legal defense. But, notwithstanding the broader issues of the case in the supreme court, the law there stated as to the effect of a judgment upon a demurrer in a former case is applicable to the present case. The court there said:

"Special pleading is still allowed in certain jurisdictions; and, if the plaintiff and defendant in such a forum elect to submit their controversy in that form of pleading, the losing party must be content to abide the consequences of his own election. Due service of process compels the defendant to appear or to submit to a default; but, if he appears, he may, in most jurisdictions, elect to plead or demur, subject to the condition that, if he pleads to the declaration, the plaintiff may reply to his plea or demur; and the rule is, in case of a demurrer by the defendant to the declaration, or of a demurrer by the plaintiff to the plea of the defendant, if the other party joins in demurrer, it becomes the duty of the court to determine the question presented for decision, and if it involves the merits of the controversy, and is determined in favor of the party demurring, and the other party for any cause does not amend, the judgment is in chief."

The defendant had appeared in the action and demurred to the complaint, and the court sustained the demurrer, giving leave to amend. The court further said:

115 F.—4

"But the record shows that the plaintiff in that case declined to amend his declaration, and that the court rendered judgment for the defendants. An appeal was prayed by the plaintiff, but it does not appear that the appeal, if it was allowed, was ever prosecuted; and the present defendants aver in their plea in bar that the matters and things set forth in the declaration in that case are the same matters and things as those set forth in the declaration in the present suit; that the plaintiff impleaded the defendants in that suit in a court of competent jurisdiction, upon the same cause of action, disclosing the same ground of claim, and alleging the same facts to sustain the same as are described and alleged in the present declaration; that the court had jurisdiction of the parties and of the subject-matter, and rendered a final judgment upon the merits in favor of the defendants and against the plaintiff, and that the judgment remains unreversed, and in full force."

The plaintiff, however, demurred to this plea. The court over-ruled the demurrer, holding that the plea was a good bar to the action. But, as before stated, instead of amending the declaration pursuant to the leave granted by the court, the plaintiff filed a replication to the plea in bar, alleging that the decision of the state court was not a decision and judgment on the merits of the case, but, on the contrary, the judgment of that court only decided that the complaint or declaration did not state facts sufficient to sustain the action. The plaintiff thereupon proceeds in his replication to the plea to refer to certain allegations contained in the declaration in the case then before the court which were not contained in the complaint in the prior case, and which he alleges fully supply all the facts for the want of which the demurrer was sustained to the complaint in the state court. To this replication of the plaintiff the defendant demurred specially on the ground that the replication was insufficient. The supreme court, referring to the issues presented by these pleadings, said:

"Except in special cases, the plea of res judicata applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time. 2 Tayl. Ev. § 1513; Henderson v. Henderson, 3 Hare, 115; Stafford v. Clark, 2 Bing. 382; Miller v. Covert, 1 Wend. 487; Bagot v. Williams, 3 Barn. & C. 241; Roberts v. Heim, 27 Ala. 678. Decided cases may be found in which it is questioned whether a former judgment can be a bar to a subsequent action, even for the same cause, if it appears that the first judgment was rendered on demurrer; but it is settled law that it makes no difference in principle whether the facts upon which the court proceeded were proved by competent evidence, or whether they were admitted by the parties: and that the admission, even if by way of demurrer to a pleading in which the facts are alleged, is just as available to the opposite party as if the admission was made ore tenus before a jury. Bouchaud v. Dias, 3 Denio, 244; Perkins v. Moore, 16 Ala. 17; Robinson v. Howard, 5 Cal. 428; City of Aurora City v. West, 7 Wall. 99, 19 L. Ed. 42; Goodrich v. City of Chicago, 5 Wall. 573, 18 L. Ed. 511; Morgan v. City of Beloit, 7 Wall. 613, 19 L. Ed. 205. From these suggestions and authorities two propositions may be deduced, each of which has more or less application to certain views of the case before the court: (1) That a judgment rendered upon demurrer to the declaration or to a material pleading setting forth the facts is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is that facts thus established can never after be contested between the same parties, or those in privity with them. (2) That if judgment is ren-

dered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar concurrent action for the same cause upon the same grounds as were disclosed in the first declaration; for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless. Rex v. Kingston, 20 Howell, St. Tr. 588; Hitchin v. Campbell, 2 W. Bl. 831; Clearwater v. Meredith, 1 Wall. 43, 17 L. Ed. 604; Gould, Pl. § 42; Ricardo v. Garcias, 12 Clark & F. 400."

The court finally considers the facts alleged in the reply to the plea in bar, and determines that the defects, if any, in the declaration in the former suit, were not remedied by the new allegations in the later suit; and from this review of the pleadings the court found no error in the record, and affirmed the judgment of the lower court.

This case determines the question at issue in the case at bar. We find no allegation in the complaint filed in the circuit court that remedies the defects, if any there were, in the complaint in the state court; and it follows, as a necessary conclusion, that the judgment in the state court was based upon whatever merits there were in plaintiff's case.

The judgment of the circuit court is affirmed.