## JOHANSON v. SONDHEIM & DOBBINS.

(Circuit Court of Appeals, Ninth Circuit. May 14, 1906.)

### No. 1,285.

CONTRACTS—ACTION FOR BREACH—INSUFFICIENCY OF COMPLAINT.

A complaint alleged that after a breach by defendant of a contract to transport plaintiff and certain property on defendant's vessel from one point to another "it was then and there agreed" that defendant would transport the property on the same terms on a following vessel, not alleged to have been owned or controlled by defendant, and that such vessel would reach the port of destination "at substantially the same time" as defendant's; that plaintiff shipped on the the following vessel but by reason of delays it did not arrive until several days later than defendant's vessel whereby plaintiff was damaged. *Held*, that such complaint did not state a cause of action, there being no contract nor consideration alleged which would render defendant responsible for the delay complained of.

In Error to the District Court of the United States for the Third Division of the District of Alaska.

Louis K. Pratt (Carl M. Johnson, of counsel), for plaintiff in error. E. E. Cushman and Heilig & Tozier, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, The plaintiff in error seeks by this writ of error to review the ruling of the court below in sustaining the objections of the defendants in error to the introduction of any evidence on the part of the plaintiff in error on the trial on the ground that the complaint of the plaintiff in error failed to state a cause of action, and in directing the jury to return a verdict for the defendants in error. The complaint alleged in substance the following: That the defendants in error were the owners of the steamer Monarch, which was plying between Dawson in the Yukon territory of Canada and Chena in the district of Alaska; that on or about July 26, 1904, the plaintiff in error and the defendants in error entered into a verbal contract, by the terms of which the latter agreed to transport for the former a boiler, engine, and other machinery connected with a sawmill at Eagle in said district of Alaska, a team of horses and wagon, the plaintiff in error and two of his employés, from Eagle to Chena, for the agreed price of $55 per ton for the freight, and $40 each for the plaintiff in error and his employés; that on or about August 1, 1904, the plaintiff in error had his said freight upon the landing at Eagle, ready for shipment, at which time the defendants in error with their said steamer reached Eagle en route to Chena, and that the latter then and there informed plaintiff in error that they were unable, for lack of room, to ship said freight on said steamer as they had agreed to do, "and then and there agreed with this plaintiff to forward the same and also this plaintiff and his said employés from Eagle to Chena upon the steamer Oil City upon the same terms as above mentioned, and further agreed that said freight and passengers should and would be delivered and landed at Chena substantially the same

time as would be the case were they to go upon the said steamer Monarch." The complaint proceeded to allege that about August 7th, the Oil City left Eagle with the freight and passengers, but that there were delays en route and expenses and loss of time resulting from the failure of the plaintiff in error to arrive at Chena until 11 days after the arrival of the Monarch to the damage of the plaintiff in error in the sum of $922.50. The case came on for trial in the District Court, a jury was impaneled, and the plaintiff in error had taken the stand and commenced to testify when the court, on the objection of the defendants in error, excluded all evidence, on the ground that the complaint wholly failed to state a cause of action, and directed the jury to sign a general verdict in favor of the defendants, which was done and judgment was entered thereon.

It is impossible to find in the complaint the statement of any cause of action against the defendants in error. There is first alleged a contract between the plaintiff in error and the defendants in error for the transportation of freight and passengers for an agreed compensation upon a certain steamer owned by the defendants in error and a breach of that contract, but damages are not assigned to the breach, and the action is not brought upon that contract. The complaint then proceeds to allege that after the Monarch arrived at Eagle and her owners had informed the plaintiff in error that they were unable for lack of room to carry his freight, they "then and there agreed" to forward the same on another vessel upon the same terms. That agreement is not alleged as a contract. No consideration therefor is stated. If the complaint had alleged that in consideration of their breach of their contract the defendants in error undertook to transport the freight and passengers on the Oil City to Chena within a stipulated time, a different case would be presented. As it is, the allegations as to what occurred between the parties on August 1st, at Eagle, fall short of showing that the defendants in error made a contract or assumed any liability. The plaintiff in error admits in his brief that the Oil City did not belong to the defendants in error, and was not under their control. There is nothing in the complaint to show that the defendants in error contracted to be or became responsible for the delays which retarded that vessel. It is true, the complaint says that it was agreed that the freight and passengers would reach Chena by the Oil City substantially at the time of the arrival of the Monarch at that port, but that agreement as it is alleged, amounts to no more than a representation on the part of the defendants in error that such would be the case. The substance of the pleading is that after the breach of the first agreement the plaintiff in error agreed to ship his freight and take passage on the Oil City on the assurance of the defendants in error that the latter would carry the same on the terms provided in the original agreement and would arrive at Chena substantially as soon as did the Monarch.

The plaintiff in error made no effort to amend his complaint. The defendants in error were entitled to judgment on the pleadings as they stood, and there was no error in entering the judgment as it was entered for the defendants in error.

The judgment is affirmed.