### JOHANSON v. SONDHEIM et al.

(Fourth Division. Fairbanks. October 10, 1910.)

No. 1020.

1. JUDGMENT (§ 570*)—RES JUDICATA—DISMISSAL ON DEMURRER.

When a cause of action is dismissed on demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action by reason of the omission of essential allegations, judgment following, and in a subsequent action the complaint supplies those essential allegations, the former judgment cannot be pleaded in bar. The merits of the case were not heard and decided in the former suit, and the plea of res judicata is not good.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1028–1034, 1036–1040, 1042–1045, 1165; Dec. Dig. § 570.*]

2. JUDGMENT (§ 720*)—RES JUDICATA—MATTERS IN ISSUE.

The plea of res judicata is a bar, where the judgment was rendered upon the merits, whether on demurrer, agreed statement, or verdict, and extends to every material allegation or statement, which, having been made on one side and denied on

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

the other, was at issue in the case, and was determined in the course of the proceedings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1251; Dec. Dig. § 720.*]

The plaintiff entered into an oral agreement with the defendants, owners of the steamer Monarch, at Eagle, Alaska, on or about July 24, 1904, by the terms of which agreement the defendants agreed to transport by their steamer, the Monarch, a sawmill, etc., from Eagle to Chena, Alaska. The Monarch was on its way to Dawson, Y. T., and the agreement was that it would take the freight on its return trip. The steamer arrived on her trip from Dawson at Eagle on August 2, 1904; the plaintiff in the meantime having dismantled his mill and placed the same on the river bank, ready to be loaded aboard the Monarch. Upon the arrival of the defendants at Eagle, they notified the plaintiff that, by reason of having already loaded the boat to its full capacity at Dawson, they would not be able and would not take the dismantled mill, but would do so on the next voyage of the Monarch. Negotiations followed, but the Monarch departed without the plaintiff's freight, and it was subsequently, on August 7th, shipped by plaintiff on the steamer Oil City, which was neither owned nor operated by the defendants. The Oil City did not arrive in Chena, by reason of grounding on a bar, until 11 days after the Monarch had landed. The plaintiff's cargo, in addition to the sawmill, included a team of horses and wagon, two employés, and himself. When the Oil City ran aground, plaintiff and one employé, with the horses and wagon, were transferred to another boat, and arrived in Chena four days before the Oil City finally arrived, and seven days after the arrival at Chena of the Monarch.

The plaintiff contends that the defendants, either under the original contract amended or under a new one, made at Eagle on August 2, 1904, when they refused to take his freight and cargo, and provided that it should be transported on the Oil City, became liable in damages for the delay suffered by plain-

tiff in the arrival of his cargo in Chena, subsequent to the ar-
rival of the Monarch.

The plaintiff brought an action to recover for the same dam-
ages, which was decided against him by the court, and sustain-
ed by the Circuit Court of Appeals, Ninth Circuit (Johanson
v. Sondheim & Dobbins, 145 Fed. 620, 76 C. C. A. 310), on the
ground that his complaint did not state a cause of action
against the defendants herein. The plea of res judicata is
raised by the answer in this action. See the same case between
the same parties, 2 Alaska, 556.

Louis K. Pratt, of Fairbanks, for plaintiff.
Albert R. Heilig, of Fairbanks, for defendants.

OVERFIELD, District Judge. The plea of res judicata is
raised by the allegations in the answer to the effect that plain-
tiff's cause of action in this case was passed upon by this court,
and afterwards by the Circuit Court of Appeals for the Ninth
Circuit, and judgment therein entered against the plaintiff
herein. The parties are identical, and the same cause of action
is here involved, though an attempt has been made to state, in
the complaint, allegations which the appellate court found
wanting in the former action.

In Johanson v. Sondheim & Dobbins, 145 Fed. 620, 76 C. C.
A. 310, Gilbert, justice, said:

"If the complaint had alleged that, in consideration of their breach
of their contract, the defendants in error undertook to transport
the freight and passengers on the Oil City to Chena within a stip-
ulated time, a different case would be presented."

That is, instead of dismissing the action, as the appellate
court sustained this court in doing, on the ground that there
were not facts stated sufficient to constitute a cause of action
against the defendant, a good cause of action would have been
stated. The plaintiff herein, then, began a new suit. The com-
plaint attempts obviously to make the allegations conform to
the requirements referred to in the opinion of the appellate
court, necessary to state a cause of action against the defend-
ants.

The defendants seek to apply the law of res judicata under these facts. The court is of opinion this contention is not well made under the facts herein presented; that when·a cause of action is dismissed on demurrer, on the ground that the complaint does not state facts sufficient to constitute a cause of action, by reason of the omission of essential allegations, judgment following, and in a subsequent action the complaint supplies those essential allegations, the former judgment cannot be pleaded in bar. The reason is apparent, as stated in O'Hara v. Parker, 27 Or. 156, 39 Pac. 1004, that the merits of the case, as disclosed in the second complaint, were not heard and decided in the former suit.

The Supreme Court of the United States in Gould v. Evansville, 91 U. S. 526, 23 L. Ed. 416, states the law to be as follows:

"Decided cases may be found in which it is questioned whether a former judgment can be a bar to a subsequent action, even for the same cause, if it appears that the first judgment was rendered on demurrer; but it is settled law that it makes no difference in principle whether the facts upon which the court proceeded were proved by competent evidence, or whether they were admitted by the parties; and that the admission, even if by way of demurrer to a pleading in which the facts are alleged is just as available to the opposite party as if the admission was made ore tenus before a jury. [Citing cases.] From these suggestions and authorities two propositions may be deduced, each of which has more or less application to certain views of the case before the court: First. That a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is that facts thus established can never after be contested between the same parties or those in privity with them. Second. That if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration, for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless. [Citing cases.] * * * · It is equally well settled that, if the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit,

the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right, for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action. [Citing cases.]"

It was likewise held in the case of City of North Muskegon v. Clark, 62 Fed. 694, 10 C. C. A. 591, Taft, justice:

"A demurrer to a declaration is an admission by the defendant that the facts stated in the declaration are true, and a submission to the court of the question whether, on those facts, the plaintiff is entitled to recover. If the demurrer is sustained, the decision of the court is one at law, namely, that, on the facts stated in the · declaration, the plaintiff is not entitled to recover, and, if judgment goes upon the demurrer, the only issue which has been finally determined between the parties is this one of law. Such a judgment only estops the plaintiff from raising, in a second suit, the same question of law in the prosecution of the same cause of action. It does not prevent him from prosecuting, the second time, the same cause of action, provided he can and does allege, in his declaration, additional facts, so that its legal sufficiency to sustain a recovery does not depend on the question of law upon which the demurrer in the first case turned."

In that case the complaint was bad for not alleging that the street or sidewalk on which the accident occurred was open for public travel. The declaration in the second suit contained such an averment. The question presented, therefore, was whether the judgment rendered against the plaintiff on the demurrer to a declaration, because it did not aver a fact essential, to recover, estops plaintiff from recovering in the same cause of action in the second suit, and where any declaration stating the cause of action does aver the essential fact previously admitted. The court held:

"We are clearly of the opinion that the first judgment is no bar to recovery in the second suit."

The Circuit Court of Appeals, Ninth Circuit, discussed this question in the case of Lindsley v. Union Silver Star Mining Co., 115 Fed. 46, 52 C. C. A. 640. This was a case in which plaintiff, in a former action, alleged to have suffered damages sustained by reason of defendant's having extracted ore from his mining claim. To the complaint the defendant interposed a demurrer on two grounds:

"First, that the complaint did not state facts sufficient to constitute a cause of action; second, that the complaint was ambiguous, unintelligible, and uncertain, in that the description of the alleged Imperial lode claim, so far as the same was alleged to have been trespassed upon by the defendant, was uncertain and defective, and not alleged with sufficient certainty to enable an officer, upon execution, to identify the same, or to enable the court to determine the area alleged to be wrongfully in possession of defendant, or determine the area in conflict as between the parties plaintiff and defendant in its decree."

This demurrer was sustained by the court. The plaintiff declined to amend, and the court dismissed the case. The court held that plaintiff was bound by the judgment, since the demurrer raised the issue as to the sufficiency of his complaint, and by special demurrer the defective description of the plaintiff's claim. Such presumption arises: First, because plaintiff refused to amend his complaint under the permission granted by the court; and, second, because the complaint filed in the second action is not more certain or specific in describing the ground, which it is alleged the defendant entered upon. So the court found the judgment in the former action constituted a bar.

In Lovell v. Cragin, 136 U. S. 151, 10 Sup. Ct. 1031, 34 L. Ed. 372, Mr. Justice Lamar, in speaking in a suit in equity of a former action between the same parties set up in a cross-bill, said:

"The cause of action in that case [referring to 109 U. S. 194, 3 Sup. Ct. 132, 27 L. Ed. 903] was the same as in this, and the parties are the same; and while a plea of res judicata may not be strictly applicable, because the judgment in that case was simply arrested and did not therefore adjudicate upon the merits of the case, yet a comparison of the cross-bill here and the petition in that case discloses that they are almost, if not entirely, identical, so far as the substance of both is concerned. And, as we held there that 'the petition shows no privity between the plaintiff and Cragin,' and 'alleges no promise or contract by Cragin to or with the plaintiff,' it would seem that the same rule should be applied with reference to this cross-bill, even though it is ostensibly an equity proceeding."

This court sustained the lower court in the dismissal of the cross-bill.

In the decisions above cited and others above referred to, it follows that the law may be stated to be that the plea of res judicata is a bar where the judgment was rendered upon the merits, whether on demurrer, agreed statement, or verdict, and extends to every material allegation or statement, which, having been made on one side and denied on the other, was at issue in the case, and was determined in the course of the proceedings. It therefore follows that if the plaintiff in this case has not set up new and material allegations, not passed upon in the first action, the plea raised in the answer herein should be sustained.

The court does not pass unnoticed the contention on the part of the attorney for the defendant that the law, as stated above, should include that held by authorities that plaintiff is estopped in his second cause of action from setting out new statements of fact and allegations not contained in his former complaint or petition, which he might have presented in his action, exercising reasonable diligence. Such a contention, if sustained in this case, would prevent the plaintiff from recovering upon a cause of action which has been held to be good, and not subject to demurrer by this court. It was held by Gilbert, Circuit Judge, that the allegations in the complaint in the former action did not state facts sufficient to constitute a cause of action, using the following language (145 Fed. 621, 76 C. C. A. 311):

"It is impossible to find in the complaint the statement of any cause of action against the defendants in error. There is first alleged a contract between the plaintiff in error and the defendants in error for the transportation of freight and passengers for an agreed compensation, upon a certain steamer owned by the defendants in error and a breach of that contract, but damages are not assigned to the breach, and the action is not brought upon that contract. The complaint then proceeds to allege that after the Monarch arrived at Eagle, and her owners had informed the plaintiff in error that they were unable, for lack of room, to carry his freight, they 'then and there agreed' to forward the same on another vessel upon the same terms. That agreement is not alleged as a contract. No consideration therefor is stated. If the complaint had alleged that, in consideration of their breach of their contract, the defendants in error undertook to transport the freight and passengers on the Oil City to Chena within a stipulated time, a different case would be presented."

The plaintiff in this action has surely supplied all the omissions mentioned. The evidence does not sustain the allegations of the complaint with reference to a contract having been entered into between plaintiff and defendant that plaintiff's freight be shipped on the Oil City, under either the original, or amended original, or a new contract.

Judgment for defendants, with costs.