### LINDSLEY v. UNION SILVER STAR MIN. CO.

(Circuit Court, D. Idaho, N. D.    January 11, 1901.)

No. 201.

RES JUDICATA—JUDGMENT ON DEMURRER.
    Judgment of dismissal on plaintiff's declining to amend his complaint after the sustaining of a demurrer setting forth that the complaint does not state facts sufficient to constitute a cause of action, and that it is ambiguous and uncertain, may be pleaded as res judicata to a second action for the same cause of action.

Stern, Hamblen & Lund, for plaintiff.
Domer & Estep and Wm. H. Clagett, for defendant.

BEATTY, District Judge. The record herein shows that prior to the commencement of this action the plaintiff had commenced an action against the same defendant concerning the same cause in the state court; that the defendant, after being duly summoned, appeared in that court, and filed its answer fully setting out its defense,

and at the same time filed its demurrer setting forth that plaintiff's complaint did not state facts sufficient to constitute a cause of action, and that it was ambiguous, uncertain, etc.; that the demurrer was heard, and was sustained, to which plaintiff's counsel excepted; that the court gave plaintiff leave to amend his complaint, which his counsel declined to do, whereupon defendant moved the dismissal of the cause, which was done, both parties being present by their counsel in all such proceedings. This action being commenced in this court, the defendant interposed its plea setting forth the above-stated facts, and the record to show them, and further alleged therein that the cause of action was the same in both suits; that the state court had jurisdiction of the cause, of the subject-matter, and of the parties; that plaintiff was represented by counsel in all the proceedings; that the judgment in the state court remains, and no proceedings have been taken to prosecute an appeal therefrom, and that the matters and things set forth in the two actions are the same. To this plea the plaintiff interposed his demurrer, which is the question for consideration. The demurrer admitting the truth of the allegations of the plea, the only question for determination is whether the judgment of dismissal, under the circumstances stated, is a bar to this action. There are authorities holding that a judgment of dismissal upon a demurrer which involves only questions of form or of pleading, and which does not involve and determine questions of fact on the merits of the case, is not res adjudicata. The record in this case shows clearly that plaintiff was in a court of his own selection, one of competent jurisdiction; that he had every opportunity to have his case fully heard; that, as the answer was on file, he knew what the defense was; and, notwithstanding all this, he permitted the judgment against him. In the interest of the rule that parties shall not be harassed by frequent suits involving the same matters, and that there shall be an end to litigation, it would seem that the plaintiff should be estopped by his proceedings in his former action from proceeding further in this. However, if the case of Gould v. Railroad Co., 91 U. S. 526, 23 L. Ed. 416, is not misconstrued, it fully determines the question here involved in favor of the plea and against the demurrer. It appears in that case that an action had been commenced in a state court, in which judgment was rendered in favor of the defendant upon its demurrer to the declaration. When the same action was afterwards commenced in the United States court, the defendant pleaded this former judgment in bar, to which a demurrer was interposed and overruled, whereupon plaintiff replied, alleging material differences in the statements of the facts recited in the two declarations, and claimed that the judgment in the first case was not upon the merits, to which replication the defendant demurred, and the demurrer was sustained. The supreme court, in affirming the lower court, says that, when defendant's demurrer to the complaint was sustained in the state court, that court gave plaintiff leave to amend, which he declined to do; that the plea in that case, as in the case at bar, alleges that the same matters were involved in both suits, and from other statements it appears that the question involved and decided in that action is the same as that in this case. The replication in that case

stated that the decision in the state court was not upon the merits, but that it "only decided that the complaint or declaration did not state facts sufficient to sustain the action." The court says the questions raised were:

"First. They contend that a judgment on demurrer is not a bar to a subsequent action between the same parties for the same cause of action, unless the record of the former action shows that the demurrer extended to all the disputed facts involved in the second suit, nor unless the subsequent suit presents the same questions as those determined in the former suit. Secondly. They also deny that a former judgment is, in any case, conclusive of any matter or thing involved in a subsequent controversy, even between the same parties for the same cause of action, except as to the precise point or points actually litigated and determined in the antecedent litigation. Thirdly. They contend that the declaration in the former suit did not state facts sufficient to sustain the alleged cause of action, and that the present declaration fully supplies all the defects and deficiencies which existed in the said former declaration.

."(1) Much discussion of the first proposition is unnecessary, as it is clear that the parties in the present suit are the same as the parties in the former suit; and it cannot be successfully denied that the cause of action in the pending suit is identical with that which was in issue between the same parties in the suit decided in the county circuit court. Where the parties and the cause of action are the same, the prima facie presumption is that the questions presented for decision were the same, unless it appears that the merits of the controversy were not involved in the issue; the rule in such a case being that, where every objection urged in the second suit was open to the party, within the legitimate scope of the pleadings, in the first suit, and might have been presented in that trial, the matter must be considered as having passed in rem judicatam, and the former judgment in such a case is conclusive between the parties. * * *

"(2) Except in special cases, the plea of res judicata applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of the allegation, and which the parties, exercising reasonable diligence, might have brought forward at the time. * * * Decided cases may be found in which it is questioned whether a former judgment can be. a. bar to a subsequent action, even for the same cause, if it appears that the first judgment was rendered on demurrer; but it is settled law that it makes no difference in principle whether the facts upon which the court proceeded were proved by competent evidence, or whether they were admitted by the parties; and that the admission, even if by way of demurrer to a pleading in which the facts are alleged, is just as available to the opposite party as if admission was made. ore tenus before a jury. * * *

"From these suggestions and authorities two propositions may be deduced, each of which has more or less application to certain views of the case before the court: First. That a judgment rendered upon demurrer to the declaration or to a material pleading, setting forth the facts, is equally conclusive of the matters confessed by the demurrer as a verdict finding the same facts would be, since the matters in controversy are established in the former case, as well as in the latter, by matter of record; and the rule is that facts thus established can never after be contested between the same parties, or those in privity with them. Second. That, if judgment is rendered for the defendant on demurrer to the declaration, or to a material pleading in chief, the plaintiff can never after maintain against the same defendant, or his privies, any similar or concurrent action for the same cause upon the same grounds as were disclosed in the first declaration, for the reason that the judgment upon such a demurrer determines the merits of the cause, and a final judgment deciding the right must put an end to the dispute, else the litigation would be endless."

This lengthy quotation from the facts and holdings of the above-recited case is made because of the similarity of that case to the one

at bar.  So far as shown, that case remains the doctrine of the supreme court upon this subject, and I think it settles this case against the plaintiff.  His demurrer to the plea is overruled, the plea is sustained, and the cause dismissed, at plaintiff's cost.