

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 4, 1968

Honorable V. Murray Jordan       Opinion No. M-180
County Attorney
McCulloch County                 Re: Whether under S.B. 94, Acts
Brady, Texas                         60th Legislature, Regular
                                     Session, Ch. 271, p. 597
                                     (codified as Article 6252-17,
                                     V.C.S.) the phrase "open to
                                     the public" requires the
                                     county commissioners court
                                     to allow live radio broad-
                                     cast of its meetings or to
                                     permit the taping thereof
Dear Mr. Jordan:                     for broadcast at a later time.

        In your request for an opinion from this office you
state the following:

        "The Commissioners' Court of McCulloch
    County, Texas, has asked that I request an
    opinion of your office as to the meaning of
    Senate Bill Number 94, passed May 23, 1967,
    concerning public meetings of governmental
    bodies.

        "The particular inquiry requested concerns
    the meaning of the phrase 'open to the public'
    as used in Section 1 (a) of the Act. A local
    radio station has stated that it intends to
    broadcast live over the radio the actual pro-
    ceedings of the Commissioners' Court, and in
    the alternative it intends to tape record the
    meetings and broadcast them at a later time
    over the radio.

        "The question the Court would like answered
    is whether or not the phrase 'open to the public'
    encompasses the requirement that the Court allow,
    first, the live broadcast of its meeting and,

second, the taping of its meeting for broadcast at a later time. If the Court requires the removal of broadcasting and/or recording equipment, would it be a violation of the terms of said Act.

"Please consider that Court meetings are generally informal with far ranging topics discussed in such an atmosphere that actual broadcast of the proceedings would tend to limit free discussion by both commissioners and persons appearing before the Court. As far as I know, the Court sessions have always been open to all members of the public including press and radio without any problem of limiting free discourse."

Senate Bill 94, Acts 60th Legislature, Regular Session, Ch. 271, p. 597 (codified as Article 6252-17, Vernon's Civil Statutes), provides that every meeting of every governmental body shall be open to the public. The caption to this statute provides that it is an act to prohibit governmental bodies from holding meetings which are closed to the public.

The commissioners court is the active governing body of the county; while its authority over the county's business is limited to that specifically conferred by the Constitution and the statutes, where a right is thus conferred or obligation imposed, said court has implied authority to exercise a broad discretion to accomplish the purposes intended. Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App. 1938, error dism.). At page 623 the court stated:

"Under the provisions of the Constitution and the statutes above quoted, we think it clear that the commissioners' court is charged with the duty of providing a courthouse and has at least implied authority to regulate the use thereof within reasonable bounds. . . ."

In 15 Tex.Jur.2d 265, Counties, Section 37, it is stated that a commissioners court has implied authority to do what may be necessary in the exercise of the duties or powers expressly conferred on it, and the expression "county business" is to be given a broad and liberal construction so as not to defeat the purposes of the law. Said court shall have all such other powers and jurisdiction, and shall perform all other duties, as are now or may hereafter be prescribed by law. Article 2351, Section 15, Vernon's Civil Statutes.

Where a right is conferred or obligation imposed on the commissioners court it has implied authority to exercise a

broad discretion to accomplish the purposes intended. Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941).

In Southwestern Broadcasting Co. v. Oil Center Broadcasting Co., 210 S.W.2d 230 (Tex.Civ.App. 1947, error ref. n.r.e.), the court held that an independent school district has the right to prevent a broadcasting company from transmitting radio broadcasts from the school district football field. At page 234, the court held as follows:

". . .If the District does not desire KOSA to broadcast from the football field which it owns, and has a right to exclusive possession and control, it has a right to prevent such conduct. In case the party fails to cease such conduct, it has the right to use such force as it /sic/ necessary to eject him from the field. . . .

"In our opinion, the appellants have no grounds to complain of a temporary injunction that forbids them from broadcasting from premises in the exclusive control of the District and which enjoins them from using the field equipment which the Telephone Company has no right to maintain on the field against the will of the District. . . ."

The commissioners court has the authority to make reasonable rules and regulations concerning its meetings and has the authority to prevent the live radio broadcast of its meetings or the taping thereof for broadcast at a later time. The prevention of such broadcast would not keep the meetings from being open to the "public." Estes v. Texas, 381 U.S. 532 (1965).

## S U M M A R Y

The phrase "open to the public" contained in Senate Bill 94, Acts 60th Legislature, Regular Session, Ch. 271, p. 597 (codified as Article 6252-17, Vernon's Civil Statutes), does not require the commissioners court to allow the live broadcast of its meetings or to permit the taping thereof for broadcast at a later time.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas