CHARLES S. HEMPSTEAD, Respondent, v. ALTON R. EASTON, Appellant.

*Estoppel.*—The recitals of a deed estop only parties and privies. The recitals in a deed by which a married woman purports to convey her title to land, do not estop her, nor those claiming under her, from asserting the truth against the recitals.

*Estoppel.*—Mutuality is a necessary ingredient of an estoppel. There can be no estoppel upon one party unless the other is equally estopped.

*Appeal from St. Charles Circuit Court.*

John Bte. Savoye owned a tract of land, being a part of the Prairie Basse or St. Charles common field and domain, having a front of two arpens, and a depth of fifty-three arpens, surveys Nos. 221 and 222. Savoye died, having made a will, dated April 30, 1806, and bequeathed the tract of land above dscribed to Helen Perrott and Felicité Perrott. Helen Perrott intermarried with Paul Denoyer, and said Felicité Perrott intermarried with one Joseph Corley. By deed, dated November 8, 1820, but acknowledged before a justice of the peace for Montgomery county, in which they then resided,

the said Paul Denoyer and Helen his wife conveyed their interest in the said tract of land to plaintiff, and by a subsequent deed dated October 3, 1828, and correctly acknowledged, Paul Denoyer and wife conveyed their interest in the said tract of land to William Russell, reciting therein that they had before sold their interest in forty arpens of the said tract of land to plaintiff. By a deed dated February 19, 1827, Joseph Corley and wife conveyed their interest in the said tract to William Russell, who by deed conveyed his interest in the said tract to Joseph G. Easton, who by deed dated June 10, 1844, conveyed to the defendant.

The petition prayed that the rights of the plaintiff and defendant in the said tract of land might be ascertained by the court, and a decree be made vesting in plaintiff that portion of the same to which he is entitled, and that partition be made.

At the trial the plaintiff offered a certified copy of the deed from Denoyer and wife to the plaintiff, to the admission of which the defendant objected as not properly recorded and not rightly certified, and that said deed did not pass the title of Helen Denoyer; which objection the court sustained, and rejected said deed and copy. The plaintiff then read in evidence the deed from Paul Denoyer and Helen his wife to Wm. Russell, bearing date October 3, 1828, duly recorded, which contained the following recitals:

"It is understood that the said grantors have heretofore sold to Charles S. Hempstead their right and title to forty arpens of the said tract of one hundred and six arpens above described.

It is further understood and agreed by the parties to this deed, for the consideration above mentioned, that the said Wm. Russell is perfectly acquainted with the right and title of the above named grantors to the above granted and conveyed tract of land and lot of ground, and that he receives the same at his own risk and hazard, and without any recourse whatever, either in law or equity to the said grantors, or their

heirs or other representatives, should their title prove defective, or wholly fail."

Upon the deed thus offered and the recitals therein contained, the court gave judgment in favor of the plaintiff for partition of the land. After partition, defendant appealed.

*Whittelsey* and *H. A. Cunningham*, for appellant.

1. The deed of Paul and Helen Denoyer to Hempstead, of November 8, 1820, was rightly excluded, and no title to the land in Hempstead was shown, as Helen Denoyer, in whom was the fee, had never conveyed the title. (1 T. L. 47; 1 T. L. 178, § 2 repealed, p. 420, § 82.)

A justice of the peace had no authority by law to take acknowledgments of deeds for lands not in his county. (1 Ter. L. 418; Act of Jan. 21, 1815; and 1 T. L. 178; Reaume v. Chambers, 22 Mo. 36; 18 Mo. 351; 1 T. L. 736.)

II. As by the pleadings the fee was in Helen, wife of Paul Denoyer, the recitals in the deed of Paul Denoyer and wife to William Russell, properly acknowledged to pass her real estate to the grantee, would not operate as a conveyance of forty arpens of land to C. S. Hempstead.

A *femme-covert* since the introduction of the common law, can only convey in the method pointed out by statute. (Chauvin v. Wagner, 18 Mo. 351; Reaume v. Chambers, 22 Mo. 36; Jackson v. Stevens, 16 J. R. 110; Green v. Branton, 1 Dev. Eq. 500.)

III. The recitals in the deed of Paul Denoyer and wife to William Russell, of date of Oct. 3, 1828, do not convey any title in the land to C. S. Hempstead.

*a.* The deed itself does not purport to convey anything to Hempstead, but does purport to convey to Russell 53 arpens, being the undivided half of the land owned by J. B. Savoy, devised, &c., which was all the grantors had in the land. The recital, " It is understood that the said grantors have heretofore sold to Charles S. Hempstead their right and title to forty arpens of the said tract of 106 arpens above described,"

is merely a notice of conveyance or sale, but is not of itself a conveyance.

*b.* The recital is not a conveyance to Hempstead by estoppel, as far as Russell and his assigns are concerned.

A *femme-covert* is not estopped by the covenants of her deed, except so far as being executed in accordance with law; it passes her title, and she may claim a subsequently acquired title against the covenants. (Jackson v. Stevens, 16 J. R. 110; Jackson v. Vandersleiden, 17 J. R. 167; Urquart v. Clarke, 2 Rand. R. 549; Providence v. Manchester, 5 Mason, C. C. R. 59; Richards v. Randolph, 5 Mason, C. C. R. 115; 18 Mo. 551; 1 T. L. 757.)

*c.* Russell and his assigns are not bound by the recital, for they could deny their vendor's title and all the allegations of their *deed poll.* (Morse v. Elmendorf, 11 Paige Ch. R.; Maclot v. Dubreuil, 9 Mo. 477; Page v. Hill, 11 Mo. 148; Vasquez v. Ewing, 24 Mo. 31; Kingman v. Sparrow, 1 Comst. 242; overruling, 2 Hill, 303, and 17 Wend. 164; Blair v. Smith, 16 Mo. 273; Osterhout v. Shoemaker, 3 Hill, 513; 8 Mo. 667.)

As Russell could deny his vendor's title, much more could he deny the recital in his vendor's conveyance.

That conveyance was produced and rejected as not conveying the title by virtue of which plaintiff asked partition. As it was admitted that Paul Denoyer and wife were both dead, there was no claim to a partition for a life estate.

*d.* Hempstead is neither party nor privy to the deed of Denoyer and wife to Russell, and thus cannot take advantage of any recitals in that deed. (2 Phil. Ev. 574, *n.* 476.)

Only parties and privies can take advantage of recitals and estoppels. (Cottle v. Snyder, 10 Mo. 764; Jackson v. Woodruff, 1 Cow. 276; Livermore v. Leonard, 16 Mo. 474; Easton v. Coe, 2 John. 382; Griffin v. Richardson, 11 Ired. 439; Adams v. Barnes, 17 Mass. 365; Masure v. Noble, 11 Ill. 531; Doe v. Ewington, 6 Bing. N. C. 79; 2 Smith's L. C., Am. ed., 552.)

IV. The recital of a sale does not show what they had sold,

whether an estate for life or in fee, or for years, nor does it attempt to make valid an invalid deed; apparently and consistently with the deed to Russell, they had sold an estate for life or years, and the recital was only made for the purpose of giving notice of the sale so as to avoid the penalty of the statute (1825, p. 290, § 40) upon those who made a deed of land which they had previously affected in any way by writing, without reciting the previous writing or conveyance or the substance thereof, and which penalty also affected the person who knowingly took such a deed.

The recital was not intended to make good the defective deed to Hempstead, but, on the contrary, the deed was made to convey the remainder in fee to Russell, who knew of the defects in the deed of Denoyer to Hempstead, and who purchased with full knowledge of Hempstead's estate for the life of Paul Denoyer.

As the plaintiff showed no title himself to authorize him to claim a partition, the court below erred in its judgment, and that judgment should be reversed.

*E. A. Lewis*, for respondent.

I. The recital in the deed from Denoyer and wife to Russell, of a former conveyance to Hempstead, is a sufficient estoppel against Russell and all claiming under him, without the production of the conveyance so recited. (Ford v. Grey, 1 Salk. 285, 286; Carver v. Jackson, 4 Peters, 83; Crane v. Morris, 6 Peters, 598, 610–12; Jackson v. Halstead, 5 Cow. 216; Penrose v. Griffith, 4 Binney, 231, 235, 238; Stowe v. Wyse, 7 Conn. 214; Bank of Ky. v. Vance's adm'r. 4 Littell, 168, 173.)

II. If the estoppel could have been effectual against Russell, it is so as to all claiming under him. (Dickson v. Anderson, 9 Mo. 155; Inskeep v. Shields, 4 Har. 345; Den v. Pine, 4 Wash. C. C. 691; Stowe v. Wyse, 7 Conn. 214; Butterfield v. Smith, 11 Ill. 485; McConnell v. Reed, 5 Ill. 117.)

III. Defendant obtained the utmost that he could reason-

ably ask for in the exclusion of the deed from Denoyer and wife to plaintiff.

It is submitted that the court erred against the plaintiff in rejecting that deed ; for if it could be gathered from the recital in the deed to Russell, and the circumstances surrounding the parties, that the defective deed above mentioned was the identical one referred to in the recital, then its defective execution was cured by the recital and affirmance so contained in a properly executed conveyance.

Although a party may be estopped by the recital of a former deed, yet it is his undoubted privilege to produce such former deed to show it inconsistent with the recital.

BATES, Judge, delivered the opinion of the court.

The Circuit Court erred in the declaration of law given. The deed of Denoyer and wife to Hempstead was, as a conveyance of the wife's title, merely void. The recital in the deed from Denoyer and wife to Russell is not an estoppel upon Russell and the defendant claiming under Russell.

There can be no estoppel upon one party unless the other is equally estopped. Mutuality is a necessary ingredient of an estoppel. Mrs. Denoyer was not estopped, because she was a married woman and could not be so bound, and consequently Russell was not estopped either. Hempstead was no party to the deed to Russell, and was, therefore, not estopped by anything contained in it. Neither, therefore, was Russell estopped from claiming adversely to Hempstead. (Cottle v. Snyder, 10 Mo. 764.)

Judgment reversed.