PRATT et al. v. WILCOX MANUF'G Co.

(Circuit Court, N. D. Illinois. December 29, 1893.)

1. JUDGMENT—RES JUDICATA—WAIVER BY STIPULATION.

The conclusiveness of a judgment sustaining a patent is waived by a stipulation fixing the amount of damages, and providing that if no appeal is prosecuted defendant shall not be estopped from raising again any questions necessary to a full determination of the merits in any suit then pending, or thereafter to be brought.

2. PATENTS—INFRINGEMENT—ESTOPPEL BY CONTRACT.

An agreement by two firms manufacturing under patents relating to the same subject-matter that neither will interfere with the other in the manufacture of the inventions set forth in their respective patents, and

that each will protect the other against third parties, operates to disqualify one party from acquiring any right to prosecute the other for any alleged infringement arising from operating under the patents of the latter.

8. PARTNERSHIP—MERGER IN CORPORATION—EFFECT ON EXISTING CONTRACTS.
A firm having the right to manufacture under a patent agreed with another firm, owning rival patents, that it would not interfere with the latter, and that each would protect the other against third parties. Afterwards, the first-mentioned firm was merged in a corporation which succeeded to all its rights under the patent. *Held*, that the corporation took those rights burdened with the limitations and obligations imposed by the contract.

Bill by Elias E. Pratt and E. C. Stearns & Co. against the Wilcox Manufacturing Company.

Hay & Wilkinson and C. C. Linthicum, for complainants.
Bond, Adams, Pickard & Jackson, for defendant.

JENKINS, Circuit Judge. The complainants bring suit for the alleged infringement of claims 2 and 3 of reissued letters patent to Elias E. Pratt, No. 7,795, dated July 17, 1877, the original of which letters patent were issued December 5, 1876, and numbered 184,983. On the 13th of January, 1887, the complainant Pratt entered into a contract with the firm of E. C. Stearns & Co. by which the latter were authorized to bring suit for infringement of the said letters patent with respect to door hangers containing and embodying the inventions supposed to be covered by the patent; Stearns & Co. to bear the expense of the suit, and to share in the net proceeds of the recovery. It was further agreed that if the patent should be sustained by the court, and hangers for house doors provided with elongated yoke, as described in the patent, should be held to infringe such letters patent, then Stearns & Co. were to have the exclusive right for the whole of the United States and the territories, during the period of the patent, to manufacture and vend, and license others to manufacture and sell, door hangers for domestic purposes under such letters patent. In an action brought in the United States circuit court for the Eastern district of Pennsylvania, by the complainant Pratt against Lloyd and Supplee, the patent was sustained by decree rendered on the 10th of December, 1889. Afterwards a suit was brought by Pratt against Wright and Dana, in the circuit court of the United States for the Northern district of New York, before Judge Wallace, who, in deference to the Pennsylvania decree, on the 9th of July, 1890, rendered an interlocutory decree sustaining the patent. The defendants in that suit were selling certain door hangers manufactured by the Wilcox Manufacturing Company, the defendant in this suit; and the latter company intervened in that suit, to protect the defendant therein, and contest the validity of the patent. Within the ruling in the case of David Bradley Manuf'g Co. v. Eagle Manuf'g Co., 6 C. C. A. 661, 57 Fed. 980, the defendant would be concluded from contesting the validity of the patent with respect to every ground of recovery or defense actually presented, and as to every ground which might have been presented; but in that suit the parties, on the 3d of March, 1893, agreed upon the amount

of damages to be entered in final decree, and stipulated that in the event that no appeal should be prosecuted the Wilcox Manufacturing Company should not be estopped by the judgment from raising again any and all questions necessary for a full determination of the merits in any suit or suits then pending, or which might thereafter be brought, on the Pratt patent. It is undoubtedly competent for parties to waive the conclusiveness of a judgment, and the matter is therefore, pursuant to the stipulation, still at large between the parties.

On the 20th of December, 1881, the Wilcox Manufacturing Company was the exclusive licensee of the owners under patents No. 202,587, dated April 16, 1878, and No. 241,882, dated May 24, 1881, and the firm of E. C. Stearns & Co. was the sole owner of the letters patent No. 186,388, granted to Warren E. Warner, dated January 16, 1877. These patents all related to door hangers. On that day the said parties and the Richards, owners of the patents controlled by the Wilcox Company, entered into an agreement by which the Wilcox Company and the said Richards authorized Stearns & Co. to sue all parties infringing the letters patent owned by the Wilcox Company, and appointed Stearns & Co. their attorney in fact for that purpose; and Stearns & Co. were to pay all the expenses of such suit, and diligently to prosecute the same; and Stearns & Co. authorized the Wilcox Company and Richards to bring suit against parties infringing letters patent 186,388 in their name, the Wilcox Company and the Richards to pay the expenses of the suits, and to diligently prosecute the same. In case of recovery in any suits brought, the expense should be deducted from the amount recovered, and the balance paid to the party owning the patent. It was further provided by that agreement that neither party should engage in the manufacture of door hangers like or similar to those manufactured by said parties, respectively, under the respective patents which they controlled, without the consent of the other party, and neither party should grant licenses to any other person to manufacture door hangers containing and embodying the features set forth and claimed in the patents owned and controlled by them, for use, or to be used, for sliding door hangers; the agreement to remain in force during the life of the patents, and to be binding upon the heirs and legal representatives of either party,—with right, however, to either party, for good cause, to cancel the agreement, first giving a statement in writing of the grounds of cancellation, and allowing the parties 60 days within which to perform.

The firm of E. C. Stearns & Co. was merged subsequently into the corporation (now one of the complainants) of E. C. Stearns & Co., but that corporation acquired all its title to the patent in suit, and all its rights thereunder, through the agreement made with the firm of E. C. Stearns & Co. by Pratt, and is, as I conceive, bound by that agreement. The contract with the defendant was substantially an agreement by which each party agreed not to interfere with the other in the manufacture of the inventions set forth in their respective patents, but to protect each other. It was an alliance offensive and defensive. In other words, Stearns & Co. sanc-

tioned and authorized the Wilcox Company to manufacture the Wilcox hangers, and to protect them in that right. They have not abandoned the agreement, and I am of opinion that, so long as it remains in force, Stearns & Co. are not in a position, by any agreement with Pratt or others, to acquire a title or right to interfere with the manufacture by the Wilcox Company under the Richards patent. I think it entirely inconsistent with their position to do so. The duty of Stearns & Co., under that agreement, was to protect the Wilcox Company in its right to manufacture under the Richards patent; and it would be inequitable to permit them, in violation of their agreement, to acquire by superior title the right to act in violation of their duty. Davis v. Hamlin, 108 Ill. 39.

This agreement was not set up in the New York suit. The record of that suit is obscure as to whether Stearns & Co. were parties to the suit. Of course, if Pratt was the sole complainant, the defense of that agreement might not have been available there. But, however that may be, the stipulation to which I have referred clearly puts the whole matter at large, and renders the defense available here. It is said, however, that Pratt was not a party to that agreement, and that is true; but Pratt is a mere nominal party complainant here, having given to E. C. Stearns & Co. the exclusive right to his patent, so far as it affects door hangers for household purposes. He may, in a technical sense, have the naked title to the patent, but he had no beneficial interest therein, so far as concerns door hangers for domestic purposes.

It is also objected that the E. C. Stearns & Co. of this suit is a corporation, while the E. C. Stearns & Co. of the contract was a firm. I need not stop to comment on this, for, as I have before remarked, all the title that the corporation had to the Pratt patent was obtained from the firm, and through an agreement with the firm, of E. C. Stearns & Co. In the hands of the firm that assignment and right under the Pratt patent was burdened with the obligation of their contract with the Wilcox Manufacturing Company, and the complainant corporation took whatever it acquired from the firm of E. C. Stearns & Co. cum onere. I am therefore of the opinion, without inquiring into the subject of the validity of the patent, or the novelty of the invention, or the question of infringement by the defendant, that the complainants cannot maintain their suit, and the bill will therefore be dismissed.