Argued October 26, reversed November 23, rehearing denied December 14, 1915.

# COOLEY *v.* SNAKE RIVER IMP. CO.

### (152 Pac. 1190.)

**Judgment—Conclusiveness—Issues Determined.**

1. A party is bound by a judgment on all questions actually litigated or which might have been determined.

**Judgment—Res Judicata—Estoppel by Judgment.**

2. Estoppels by judgment must be mutual to be effective.

**Contracts—Irrigation Works—Construction.**

3. A contract for the construction for an improvement district of a pumping plant for irrigation purposes, which provides that no alteration shall be made in the work except on the written order of, the engineer, stating the amount to be paid the contractor for the alteration, that the compensation shall be paid in money or at the option of the district in its coupon bonds previously authorized and issued, and that all coupons of the bonds due on a specified date shall be detached from the bonds and retained by the district and canceled, subject to additions or deductions for alterations, gives to the district the option to pay with bonds and permits the retention of coupons payable on the designated date, subject to additions or deductions, and the coupons constitute a fund applicable to the payment for extra work.

**Judgment—Res Judicata—Estoppel.**

4. An improvement district contracted for the construction of a pumping plant for irrigation purposes and deposited its bonds with a bank to be delivered to the contractor on the completion of the contract, which stipulated for extra work. The bank brought interpleader suit against the contractor and the district. The contractor alleged the completion of the contract without making any demand for extra work. The district did not demand damages for faulty construction of the system, but denied the completion of the work and alleged delay in the construction thereof. The court directed delivery of the bonds to the contractor, who thereafter brought action against the district for extra work, required to be performed under the contract, under the order of the engineer. *Held,* that the contractor sought to reopen the case to recover for extra work, and he could not complain because the district counterclaimed for damages for faulty construction of the system on the ground that the judgment directing a delivery of the bonds was conclusive on that question.

[As to *res judicata,* see note in 44 **Am. St. Rep. 562.**]

From Malheur: Dalton Biggs, Judge.

In Banc.   Statement by MR. JUSTICE BURNETT.

The plaintiff, George E. Cooley, had a written contract with the Snake River District Improvement Company, a corporation, for the construction and installation of a pumping plant for irrigation purposes, and now claims compensation for extras furnished under the terms of the agreement after having been paid, as he alleges, for the principal work specified by the delivery to him of certain coupon bonds of the defendant.

The execution of the instrument is admitted, but the defendant alleges as a counterclaim damages for faulty construction of the system by the plaintiff, whereby it is damaged in the sum of $6,000 over and above the value of the extra work alleged by the plaintiff. It appears that at the inception of the undertaking, by agreement of the parties, the bonds were deposited with the First National Bank of Weiser, Idaho, to be delivered to the plaintiff on the completion of his contract.

Replying affirmatively, the plaintiff states with great detail the history of a suit in the nature of interpleader brought by the bank against the parties to this action in the District Court of the Seventh Judicial District of the State of Idaho. In that proceeding the bank alleged substantially that the plaintiff here had demanded of it the surrender of the bonds, claiming to have completed his contract, and that the defendant here had notified it not to deliver them, contending that the work had not yet been completed. It is stated that the Idaho court made an order directing the parties here to interplead, and that the plaintiff here set forth his claim of completing the undertaking and his right to have the bonds delivered to him; that the defendant here answered the contention of this plaintiff in that

78 Or.—25

suit denying the finishing of the work and asserting. that the contractor, plaintiff here, had delayed construction of the plant beyond the time prescribed, so that the defendant district had lost the use of the same and was compelled unnecessarily to pay interest on its loan, whereby it was damaged in the sum of $2,500, for which it is entitled under the stipulation to a lien on the deposited bonds. The reply further states that the issue of the interpleader suit was adjudicated in favor of the plaintiff here and a delivery of the bonds to him was decreed by the Idaho court.

A motion was made by the defendant here to strike out the affirmative matter of the reply giving the history of the proceedings in that litigation. This was denied by our Circuit Court. Error is predicated also of the refusal of the court to allow the defendant district to show faulty construction of the work. A verdict and judgment for the plaintiff for the full amount claimed ensued, and the defendant appeals.

REVERSED. REHEARING DENIED.

For appellant there was a brief over the names of *Mr. John L. Rand, Mr. William H. Brooke* and *Mr. Ralph W. Swagler,* with oral arguments by *Mr. Rand* and *Mr. Brooke.*

For respondent there was a brief over the names of *Mr. Ed. R. Coulter* and *Mr. Frank D. Ryan,* with an oral argument by *Mr. Coulter.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The defendant argues that the question of faulty construction was not involved in the Idaho suit, and that it is privileged to litigate that question in counter-

claim against the plaintiff's demand for extra work. On the other hand, the plaintiff urges that his right to receive the bonds depended upon his showing completion of the undertaking according to its terms; that the defendant was bound to put in all grounds of its opposition to their delivery in the interpleader suit; and that, having alleged damages for failure to finish the plant in the time required, it cannot now allege another element of injury, namely, the imperfect condition in which the system was left. In other words, the plaintiff argues that the defendant had no right to split its cause of defense in the interpleader suit, and pleads the decree of the Idaho court in that proceeding as an estoppel against the present contention of the district.

1. It is true that a party is bound by a judgment on all questions which were actually litigated or might have been determined in the proceeding; but this proves, if anything, too much for the position of the plaintiff here.

2. Estoppels by judgment to be effective must be mutual: *Furgeson* v. *Jones,* 17 Or. 204 (20 Pac. 842, 11 Am. St. Rep. 808, 3 L. R. A. 620); *Gordon* v. *San Diego,* 101 Cal. 522 (36 Pac. 18); *Freeman* v. *Thayer,* 29 Me. 369; *Alexander* v. *Walter,* 8 Gill (Md.), 239 (50 Am. Dec. 688); *Blackwood* v. *Van Vleit,* 30 Mich. 118; *Hempstead* v. *Easton,* 33 Mo. 142; *Gardner* v. *Sharp,* 4 Wash. C. C. 609, 9 Fed. Cas. No. 5236.

3. It is disclosed by the contract pleaded by the plaintiff in the reply as follows:

"Article III. No alteration shall be made in the work except upon the written order of the engineer; the amount to be paid by the district or allowed to the contractor by virtue of such alteration to be stated in such order. Should any alteration increase the cost of

construction or in materials, the same shall be treated as materials and force work, and to be furnished by the contractor at actual cost plus ten per centum profit to the contractor. Should the district and the contractor not agree as to the amount to be paid or allowed, the work shall go under the order above required, and in case of failure to agree, the determinations of all of said amounts shall be referred to arbitration as hereinafter provided.''

In the same instrument Article VIII reads thus:

''It is mutually understood and agreed that the sum to be paid by the district to the contractor for said work, materials and removal of fences shall be forty-two thousand five hundred dollars, payable in lawful money of the United States, or, at the option of the district, in its coupon bonds heretofore authorized and issued, bearing date May 1, 1912, in denominations of five hundred dollars each, bearing interest at the rate of six per centum per annum, payable semi-annually as evidenced by coupons attached thereto; it being distinctly understood however that all coupons of said bonds due and payable to the first day of May, 1913, are to be detached from said bonds and by the district retained and properly canceled, subject to additions or deductions as hereinbefore provided, and that such sum shall be paid by the district to the contractor, either in such money or bonds, at the option of the district, and only upon the certificate of the engineer, as follows. * * ''

Other details in this subdivision refer to the times of payment and discharge of liens which are not important here.

4. It thus appears that it was optional with the district to pay its obligation with its bonds, and that the coupons payable May 1, 1913, were to be retained subject to the additions or deductions otherwise provided in the contract. The proper construction of this provision is to make those coupons a fund applicable to

the payment of extra work. In the Idaho suit the effort of the plaintiff was to obtain possession of the bonds as payment for his services. It was as obligatory upon him to do the extra work provided in Article III, as to perform any other condition of the agreement, and, so far as his right to the bonds depended upon performance of his engagements, it was necessary for him to urge his whole contention in that proceeding. He could no more split his cause of suit there than the defendant could split its cause of defense. By the very token that he would prevent the defendant from urging a different ground of damages he himself is forbidden to plead an additional cause of action which he might have stated, if his theory is true, in the Idaho suit. If it was necessary for the defendant to state all its claims for damages in that suit or to be precluded here from relying on one not there mentioned, for the same reason the plaintiff ought to be held to have alleged all his cause of suit in Idaho. His answer in the interpleader suit, which appears in the record as one of his exhibits in this proceeding, specifically excludes any claim for extra work done under his contract. If it was incumbent upon him to allege the performance of the work originally required in order to obtain the bonds, it was equally obligatory upon him to aver what was otherwise directed by the engineer to be performed under the provisions of Article II. His complaint here amounts to a waiver of the estoppel. In other words, he attempts to open the case for the purpose of recovering for extra work, and he cannot complain if the defendant is also allowed to reopen it to put in its defense against his claim here alleged. He here demands money in face of the option of the defendant to pay in bonds. He cannot spring this new demand without

letting in any defense which was proper in the begin-ning. This action is tantamount to setting the estop-pel at large, and his plea of the Idaho proceeding is a departure from the theory advanced in his complaint. It was consequently error under the state of the record to refuse the defendant the privilege of showing the faulty construction of the work involved in the con-tract.

For these reasons, the judgment of the Circuit Court is reversed and the cause remanded for further pro-ceedings.        REVERSED.   REHEARING DENIED.