## HICKEY v. JOHNSON et al.

(Circuit Court of Appeals, Eighth Circuit. November 4, 1925.)

No. 6878.

1. **Courts** ⊜⟾405(3)—Order suspending proceedings and staying action held final and appealable.

In suit to enjoin proceedings in state court, order suspending further proceedings and staying action until termination of suit in state court was tantamount to final disposition of the controversy, and was appealable, under Judicial Code, § 129 (Comp. St. § 1121).

2. **Courts** ⊜⟾508(1)—Federal court has jurisdiction in ancillary proceeding to preserve integrity of its judgments.

Whether suit to enjoin defendants from proceeding with suit in state court involving matter previously adjudicated in federal court be deemed an independent action or one ancillary to former suit, federal court could treat it as ancillary, assert its jurisdiction, and preserve integrity of its judgment.

3. **Judgment** ⊜⟾572(2)—Dismissal of bill generally, without recitation of grounds for sustaining demurrer, barred subsequent suit on same cause.

Where there was included in demurrer to bill objections going to merits, dismissal of bill generally, without reservation or recitation of grounds on which demurrer was sustained, barred subsequent suit on the same cause.

4. **Judgment** ⊜⟾572(2)—Judgment in suit to cancel deeds held bar to action to cancel on different ground.

Judgment sustaining demurrer to complaint filed by the United States to cancel Indian's deeds *held* bar to action by heirs of grantor against successors in interest of former defendants to cancel same deeds and subsequent conveyances, though on different ground.

5. **Judgment** ⊜⟾948(1)—Party failing to take advantage of former recovery deemed to have waived estoppel thereof.

Ordinarily, if a party fails to take advantage of a former recovery, available to him as a defense, he will be held to have waived benefit of estoppel, and case may be determined as if no former judgment were rendered.

6. **Judgment** ⊜⟾633—When defense of estoppel by judgment conclusively held to be waived stated.

Before a party can be held conclusively to have waived defense of estoppel by former judgment, he must have assumed a position so inconsistent with its assertion as to amount to an election to abandon it, or proceedings must have reached stage that allowance would be inequitable.

7. **Appeal and error** ⊜⟾1201(6)—After remand of case in Oklahoma, defendant may plead res judicata as additional defense.

As in Oklahoma, where a cause is reversed and remanded for such other and further proceedings as accord with opinion, pleadings may be amended and new issues formed, where plea of res judicata is not inconsistent with defendant's former position, he may insist on it as an additional defense.

8. **Pleading** ⊜⟾78—Whether pleading or failure thereof is waiver of defense depends on practice in jurisdiction.

Whether pleading or failure to plead operates as waiver of some defense which might have been pleaded depends largely, if not exclusively, on practice in the particular jurisdiction.

**9. Courts ⬥508(1)—Federal court has jurisdiction to enjoin interference with rights vested under its decree.**

Where federal court first obtains jurisdiction of the subject-matter of a controversy, it has jurisdiction to enjoin suit in state court interfering with rights vested in reliance on its decree therein.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Franklin E. Kennamer, Judge.

Suit by Egbert J. Hickey against Kissie Johnson and others. From an order suspending further proceedings, and staying action until termination of suit in the district court of Oklahoma, plaintiff appeals. Reversed and remanded for further proceedings.

O. D. Olmstead, of Winner, S. D. (O. H. Graves, of Pryor, Okl., on the brief), for appellant.

Frank B. Burford, of Oklahoma City, Okl. (Burford, Miley, Hoffman & Burford, of Oklahoma City, Okl., and J. Read Moore, of Wewoko, Okl., on the brief), for appellees.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

VAN VALKENBURGH, Circuit Judge. Appellant, plaintiff below, filed a bill of complaint in the District Court for the Eastern District of Oklahoma to enjoin appellees, defendants below, from proceeding with a suit in the district court of Seminole county, Okl., praying first that the defendants, with the exception of the defendant Crump, be cited for contempt and be enjoined from asserting any right, title, or interest in and to the premises described in the complaint, and from interfering with the plaintiff in the possession of said land and in the leasing thereof, or in locating oil thereon; that the defendant George C. Crump, as judge of the district court of Seminole county, be permanently enjoined from proceeding with the trial of the cause then pending in his said court.

The case at bar is based upon the action of the District Court for the Eastern District of Oklahoma, Equity No. 444, in sustaining a demurrer to a complaint filed by the United States against one Ben C. Burris and E. F. Jefferies and others, through whom the title of the appellant, Hickey, is deraigned, to cancel and hold void certain deeds from one Daniel Sam to said Burris and Jefferies to the northeast quarter of the southwest quarter, the southwest quarter of the southwest quarter, and the northwest quarter of the southwest quarter, all in section 1, township 7 north, range 7 east, Indian base and meridian, Seminole county, Okl.; it appearing that that court duly and regularly entered its judgment sustaining the demurrer to said bill of complaint upon its merits and dismissed the action. That suit was filed January 2, 1909, and judgment rendered December 9, 1912; from that judgment no appeal was taken. A subsequent bill was filed by the United States to cancel and set aside a mortgage executed by said Burris to one Thomas O'Brien involving the same lands; to this a demurrer was filed and sustained, and a similar judgment entered July 3, 1913. This second suit, however, except in so far as it reveals the course of litigation respecting this property, need not further be considered.

It is the claim of appellant that, through the judgment in the action between the United States and appellant's predecessors, the title to the said premises became fully and completely determined by the District Court for the Eastern District of Oklahoma, and cannot be relitigated in the suit now pending in the district court of Seminole county, Okl. The pleadings and judgment in the prior suit are not set out in this record, but it appears from the opinion of the trial judge that they were before and considered by him. From the pleadings before us, the facts concerning that litigation are not in dispute, except with respect to the ground upon which the court based its action in sustaining the demurrer, and we are able to consider the point urged as fully as though the proceedings were fully set out in the record. In their answer filed in this case the appellees admit the filing of the former suit on or about the 2d day of January, 1909, and say:

"Defendants admit that on or about the 2d day of January, 1909, there was filed in the District Court of the United States for the Eastern District of Oklahoma a bill of complaint in Equity No. 444, wherein the United States was plaintiff and Ben C. Burris, E. F. Jefferies et al. were defendants, wherein the United States of America sought an adjudication that the deeds aforesaid, purporting to have been executed to Ben C. Burris and E. F. Jefferies, be canceled, annulled, and altogether held for naught, upon the ground and solely upon the ground that, at the time of the pretended execution and delivery of the said deeds, patents conveying the said lands to the said Daniel Sam had not been executed by the Principal Chief of

the Seminole Nation, or approved by the Secretary of the Interior, and that said deeds were void by reason of the provision in the Seminole Agreement that all contracts for sale, disposition, or incumbrance of any part of an allotment made prior to the date of patent shall be void. These defendants admit that a demurrer was filed to said bill by the said Ben C. Burris and E. F. Jefferies; that the said demurrer was for and upon many causes, as therein set forth, among others, that there was a plain, adequate, and complete remedy at law; that there was want of federal jurisdiction; that the complainant had no title to the character of guardians; that the complainant had no interest in the subject-matter of the suit; that complainant was not entitled to the relief prayed; that there was a want of indispensable parties, to wit, the allottees of the land, the title to which was sought to be quieted; that the bill was multifarious, and improperly confounded distinct demands, there being a misjoinder of parties defendant and a misjoinder of causes of action; that the complainant by its bill did not offer to do equity; that there is no equity in complainant's bill entitling it to relief; and that said bill did not state facts sufficient to constitute a cause of action, and for divers other causes to be stated at the hearing of the demurrer. These defendants admit that on or about the 9th day of December, 1912, the said court dismissed the said bill as to said defendants and as to said instruments."

The suit in the state court above mentioned was brought January 30, 1918, by the appellees Kissie Johnson, née Sam, and Lucy as plaintiffs, against the appellant and others, for possession of said land, for damages, and for the setting aside of the same and subsequent conveyances, on the ground that the said Daniel Sam, the ancestor of said appellants, was a full-blood Indian, by reason of which the above-described lands were restricted and not subject to alienation. With these allegations of the petition the appellant joined issue, but did not set up the defense of prior adjudication. The suit was tried in the state court and the verdict was for appellant and against appellees herein. Upon appeal to the Supreme Court of Oklahoma (88 Okl. 92, 211 P. 1036), that judgment was reversed upon grounds seriously forecasting the ultimate success of the plaintiffs in that suit, appellees herein.

Thereupon this suit was filed, upon the theory that all rights between the parties and their privies had previously been adjudicated by the District Court for the Eastern District of Oklahoma, and that it is the duty of that court to protect its judgment by enjoining the appellees herein from further asserting any title and right in conflict therewith, and by enjoining the state court from proceeding further in the premises. Appellees moved the court to suspend all further proceedings, and to stay action until the termination of the suit pending in the district court of Seminole county, their claim being that the former judgment was not an adjudication of the issues now presented in the state court; that, if it were, it should have been pleaded in the first instance, and, not having so pleaded, but having joined issue and proceeded to trial upon another theory of the case, the appellant herein waived all rights thereunder and cannot now be heard to assert the defense of res adjudicata. To this the appellant replied that, the case having been reversed and remanded for further proceedings in the state court, he now has the right, by amendment, to set up this defense, that the same has not been waived, and that he is entitled to apply to the federal court in which the original judgment was entered for the relief prayed in his bill.

The trial court was of opinion that the prior judgment, if invoked, would have operated to bar the pending action in the state court, but that appellant, by failure to plead it, by joining issue with appellees upon the cause of action asserted by them, and by filing a cross-petition, in which he asked the affirmative relief that the title to said land be quieted, had waived this defense, had submitted to the jurisdiction of the state court, and that that court, having thus acquired jurisdiction, should be allowed to proceed without interference. It therefore sustained the motion of appellees to stay proceedings and to suspend further action in the case at bar until the suit pending in the district court of Seminole county, Okl., is tried and finally determined, or until said state court shall relinquish jurisdiction thereof.

The appellant, Hickey, claims title to the land involved by mesne conveyances from the grantees, Burris and Jefferies. The other defendants impleaded in the suit in the state court also claim like interests, but are not parties to this appeal. The appellees Kissie Johnson and Lucy are paternal half-sisters and alleged to be the sole and only heirs of Daniel Sam, deceased, the original grantor. Daniel Sam was a citizen of the Seminole Nation, and equity suit No. 444 was insti-

tuted by the United States in its guardian capacity over the estates of its Indian wards. The relationship between the United States, complainant in that action, and Daniel Sam and his heirs is conceded to be one of mutuality and succession to the same rights of property. The appellee J. Read Moore is an attorney, and he and appellee Lack are alleged to assert some interest in the property through the said heirs of Daniel Sam. The deeds sought to be canceled and set aside in equity cause No. 444 are those from Daniel Sam to Burris and Jefferies, and the conveyances sought to be set aside in the action in the state court are these same deeds and subsequent mesne conveyances, whereby and wherefrom the interest of appellant, Hickey, is deraigned. It will be seen, therefore, that the two actions involve, as their gist, the same right; that is, to the property acquired from Daniel Sam by Burris and Jefferies and their successors in title.

[1] At the threshold we are met with the contention that the order of the court below, being upon motion to stay proceedings in the case at bar, is not an order from which this appeal will lie. Appellees cite the decision of this court in Barber Asphalt Paving Co. v. Morris, 132 F. 945, 66 C. C. A. 55, 67 L. R. A. 761, in support of this contention. That case had to do with actions pending contemporaneously in the state and federal court in which no conflict arose over the custody or dominion of specific property. No injunction properly so called was involved. In the instant case an injunction was prayed, and the action of the court below was tantamount to the refusal of that injunction, and amounted to a final disposition of the controversy. It was therefore appealable under section 129 of the Judicial Code (Comp. St. § 1121).

[2] It is not material whether this suit be deemed an independent action, or one ancillary to the former suit upon which the relief prayed is founded. The federal court could treat it as ancillary, assert its jurisdiction, and preserve the integrity of its judgment as well in the one as in the other. Root v. Woolworth, 150 U. S. 401, 410, 411, 14 S. Ct. 136, 37 L. Ed. 1123. The questions to be decided, therefore, are: First, whether the judgment in equity cause No. 444 is a bar to the present action in the state court; second, whether, if such bar, it has been waived, and therefore may no longer be interposed; and, third, whether, in any event, and to what extent, this court may grant the relief prayed.

[3] It is conceded that in equity cause No. 444 a demurrer was interposed and sustained, and the cause dismissed generally, without specifying the ground upon which that action was taken, and without preserving further rights of action to the complainant. It is conceded by the trial court, as also appears from the admission of appellees in their answer, as hereinabove set forth, that there was included in the demurrer to the bill of United States v. Burris and Jefferies grounds of objection going to the merits, and that in such case the dismissal of the bill generally, without reservation or recitation of the grounds upon which the demurrer was sustained, "probably had the effect, under the holdings of this circuit, of barring any subsequent suit by the complainant upon the same cause," and would operate in like manner upon Daniel Sam and his heirs. Heckman v. United States, 224 U. S. loc. cit. 445, 446, 32 S. Ct. 424, 56 L. Ed. 820. Appellees, however, do not concede this. But it cannot successfully be maintained that such is not the rule, not only in this circuit, but in the Supreme Court and generally.

"A general judgment or decree of dismissal, without more, renders all the issues in the case res adjudicata, and constitutes a bar to any subsequent suit for the same cause of action. Hence, when a court dismisses a suit upon some ground which does not go to the merits of the cause of action, but leaves them open to consideration in another court, or at another time, or in another way, the decree of dismissal must expressly adjudge that it is rendered for the specific reason upon which it is based, or must expressly provide that it is made without prejudice." Fowler v. Osgood, 141 F. 20–24, 72 C. C. A. 276, 280 (4 L. R. A. [N. S.] 824), and cases cited. To the same effect, O'Neil v. Wolcott Mining Co., 174 F. 527–536, 98 C. C. A. 309, 27 L. R. A. (N. S.) 200; Cooper v. Brazleton, 135 F. 476–487, 68 C. C. A. 188; Scott v. First Nat. Bank (C. C. A.) 285 F. 832; House et al. v. Mullen, 22 Wall. 42–46, 22 L. Ed. 838; In re Sawyer, 124 U. S. 200–220, 8 S. Ct. 482, 31 L. Ed. 402; Bissell v. Spring Valley Township, 124 U. S. 225–234, 8 S. Ct. 495, 31 L. Ed. 411; Northern Pacific Ry. v. Slaght, 205 U. S. 122–130, 27 S. Ct. 442, 51 L. Ed. 738.

In Cornett v. Williams, 20 Wall. 226–250 (22 L. Ed. 254), it is said: "In the absence of fraud, no question can be collaterally entertained as to anything lying within the jurisdictional sphere of the original case." To the same effect is Foltz v. St. Louis & S. F.

Railway Co., 60 F. 316, 8 C. C. A. 635. In the present case no fraud is claimed. The rule stated must now be regarded as firmly established and beyond controversy.

[4] Appellees, however, contend that the causes of action in the two cases are not the same; that in equity cause No. 444 the United States sought to have the deeds from Sam to Burris and Jefferies canceled upon the ground, and solely upon the ground, that at the time of the execution and delivery of the said deeds patents conveying the said lands to the said Daniel Sam had not been executed by the Principal Chief of the Seminole Nation, or approved by the Secretary of the Interior, and that said deeds were void by reason of the provision in the Seminole Agreement that all contracts for sale, disposition, or incumbrance of any part of an allotment made prior to the date of patent shall be void; while, in the state court, the ground asserted by appellees, and contested by appellant, is that the said Daniel Sam was a full-blood Indian, and that by reason of the degree of his Indian blood all of the lands involved were restricted and not subject to alienation; that, therefore, the title remained in him in fee simple from the time said lands were selected for allotment, and allotted, until his death. Upon this point the rule is well stated in Michie's Encyclopedia of the United States Supreme Court Reports, volume 10, p. 757 et seq.:

"It is well settled that a valid final judgment or decree, upon the merits, constitutes an absolute bar to a subsequent action or suit between the same parties upon the same claim or demand. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. Except in special cases, the plea of res adjudicata applies not only to points upon which the court was actually required to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time. * * * The estoppel is not confined to the judgment, but extends to all facts involved in it, as necessary steps or the groundwork upon which it must have been founded.

"The operation of a judgment or decree as barring a subsequent action or suit on the same claim or demand arises from the well-settled principle of law that whenever a cause of action, in the language of the law, transit in rem judicatam, and the judgment thereupon remains in full force and unreversed, the original cause of action is merged and gone forever. A former judgment on the merits estops the parties thereto not only as to every ground of recovery which was actually presented in the action in which it was rendered, but also as to every ground which might have been presented. Thus, where the plaintiff in an action claims the right of property in a certain thing, the only question involved is whether the property in question belongs to him or not, and if the action results in favor of the defendant, it will bar any action against the same party for the same property, although the plaintiff failed to set up all the rights upon which he might have relied to maintain his cause of action. So, also, the judgment in an action to quiet title is conclusive of the title, whether adverse to the plaintiff in the action or to the defendant. In other words, it determines the merits of the plaintiff's title as well as that of the defendant."

The rules stated in the text quoted are fully borne out by the decisions of the Supreme Court upon which they are based. The principle and reasons therefor are thus stated in Southern Pacific Railroad Co. v. United States, 168 U. S. 1–48, 18 S. Ct. 18, 27 (42 L. Ed. 355): "The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them, * * * the essence of

estoppel by judgment being that 'there has been a judicial determination of a fact, and the question always is, has there been such determination, and not, upon what evidence or by what means was it reached?'" Last Chance Mining Co. v. Tyler Mining Co., 157 U. S. 683–691, 15 S. Ct. 733, 39 L. Ed. 859; New Orleans v. Citizens' Bank, 167 U. S. 371–396, 17 S. Ct. 905, 42 L. Ed. 202.

Among other cases cited as illustrating the general rule is that of Bissell v. Spring Valley Township, 124 U. S. 225–230, 8 S. Ct. 495, 31 L. Ed. 411, and Cromwell v. Sac County, 94 U. S. 351, 14 L. Ed. 195. The latter case serves pointedly to define what is meant by the statement found in the cases and upon which appellees rely. It says: "The difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action, stated. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. But, where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

In that case, as stated by the Supreme Court, the former action was against a county in Iowa upon certain interest coupons originally attached to bonds issued by the county for the erection of a courthouse. It was found and determined that the bonds were void as against the county in the hands of parties who did not acquire them before maturity for value. It was held that this judgment did not estop one holding other bonds of the same series, and other coupons attached to the same bonds as the coupons in the original action, from showing in a second action against the county that he had acquired such other bonds and coupons for value before maturity. It will thus be seen that, while the action was between the same parties, it was upon a distinctly different claim or demand, predicated upon entirely different bonds and coupons. In the case at

bar the claims are identical, to wit, the cancellation of the same deeds and later ones depending upon the validity of those conveyances. The claim or demand involves the same property; the claim for relief being predicated merely upon another matter which might have been offered for the same purpose.

The applicability of the general rule to the case under consideration is stated conclusively in United States v. California & Oregon Land Co., 192 U. S. 355–358, 24 S. Ct. 266, 267 (48 L. Ed. 476): "A decree rendered upon a bill in equity brought under the Act of March 2, 1889, 25 Stat. 850, to have patents for land declared void as forfeited and to establish the title of the United States to the land, is a bar to a subsequent bill brought against the same defendants to recover the same land on the ground that it was excepted from the original grant as an Indian reservation." The court said further: "The parties, the subject-matter and the relief sought all were the same. It is said, to be sure, that the United States now is suing in a different character from that in which it brought the former suit. There it sued for itself; here it sues on behalf of the Indians. But that is not true in any sense having legal significance. * * * The best that can be said, apart from the act just quoted, to distinguish the two suits, is that now the United States puts forward a new ground for its prayer. Formerly it sought to avoid the patents by way of forfeiture. Now it seeks the same conclusion by a different means, that is to say, by evidence that the lands originally were excepted from the grant. But in this, as in the former suit, it seeks to establish its own title to the fee."

United States v. California & Oregon Land Co., is cited with approval in Northern Pacific Railway Co. v. Slaght, 205 U. S. 122, 27 S. Ct. 442, 51 L. Ed. 738. It is there held that a judgment on demurrer is as conclusive as one rendered upon proof and that "where a plaintiff could have pleaded rights to property in addition to those pleaded, he and his grantees are bound by that election, and after an adverse judgment cannot again assert title to the same property against the same parties under a different source of title."

The rules applicable are stated with elaboration and illustrated by quotations from and references to many prior decisions. Appellees rely largely upon City of North Muskegon v. Clark (C. C. A. 6th Circuit) 62 F. 694, 10 C. C. A. 591, and Gould v. Evansville, etc., R. R. Co., 91 U. S. 526, 23 L. Ed.

416. In the former of these cases it was held that: "Judgment rendered against a plaintiff on demurrer to his declaration, because it does not aver a fact essential to a recovery, is no bar to a second suit by him on the same cause of action, wherein the declaration, in stating the cause of action, avers the essential fact previously omitted."

This case relies largely upon Gould v. Evansville, etc., R. R. Co., 91 U. S. 526–534 (23 L. Ed. 416). In the latter case, after announcing and confirming the general rule above stated, the Supreme Court said: "If the plaintiff fails on demurrer in his first action from the omission of an essential allegation in his declaration which is fully supplied in the second suit, the judgment in the first suit is no bar to the second, although the respective actions were instituted to enforce the same right, for the reason that the merits of the cause, as disclosed in the second declaration, were not heard and decided in the first action."

It is clear that in both these cases the court had in mind a decision on demurrer from which it clearly appeared that the failure of plaintiff was due to the omission of an essential allegation and not to a determination of the merits. This was evidently the construction of the Supreme Court itself, because Gould v. Evansville, etc., R. R. Co. is cited with approval in Northern Pacific Railroad v. Slaght as establishing that a judgment on demurrer is as conclusive as one rendered upon proof, where, of course, the grounds stated involve the merits. Here, as we have seen, the merits were involved in sustaining the demurrer and dismissing the action in equity cause No. 444. It follows conclusively, we think, that the judgment in the latter case is effective as a bar to the action in the state court of Seminole county, Okl., between appellees and appellant.

[5, 6] We come now to consider the contention of appellees that the right to interpose this defense has been waived by appellant; this is based upon the conduct of appellant in joining issue with appellees, as tendered by their petition, without setting up the defense of res adjudicata. The general rule is thus stated: "If a party fails to take advantage of a former recovery which would be available to him as a defense, he will be held to have waived the benefit of the estoppel, and the case may be determined as if no such former judgment had been rendered." 23 Cyc. 1215; 34 Corpus Juris, 749; Philadelphia, etc., R. R. Co. v. Howard, 54 U. S. (13 How.) 334, 14 L. Ed. 157, and other cases cited in the texts.

This rule has certain modifications and must depend upon the circumstances of the individual case; those circumstances must be of such a nature as to evidence the clear intention to abandon the defense, or to present a situation inconsistent with the assertion of that offense. National Brake & Elec. Co. v. Christensen (C. C. A.) 278 F. 490; Harding v. Harding, 198 U. S. 317, 25 S. Ct. 679, 49 L. Ed. 1066; Harding v. Harding, 148 Cal. 397, 83 P. 434. In the latter case the rule announced in Megerle v. Ashe, 33 Cal. 74, upon which counsel for appellees in brief greatly rely, and which was cited by the trial court in its opinion, was modified and in some respects disapproved.

We think, before a party can be held conclusively to have waived this defense, he must have assumed a position so inconsistent with its assertion as to amount to an election to abandon it, or the proceedings must have reached such a stage that allowance of the defense would be inequitable. Bryar v. Campbell, 177 U. S. 649, 20 S. Ct. 794, 44 L. Ed. 926; Pratt v. Wilcox Mfg. Co. (C. C.) 64 F. 589; Cooley v. Snake River Imp. Co., 78 Or. 384, 152 P. 1190.

[7] It is therefore pertinent to inquire what the situation is with respect to the litigation pending in the district court of Seminole county, Okl., the further prosecution of which is sought to be enjoined. As has been said, upon the issues there joined, which did not include the defense of res adjudicata, the judgment of the trial court was in favor of appellant; upon appeal this judgment was reversed and the case remanded for a new trial. The mandate from the Supreme Court of Oklahoma contains the following language: "Now, therefore, you are hereby commanded to cause such reversal to show of record in your court and to issue such process and to take such other and further action as may be in accord with right and justice and said opinion."

In such case the practice in Oklahoma is thus stated in McIntosh v. Lynch et al., 93 Okl. 174, 220 P. 367: "Where a cause is reversed and remanded by the Supreme Court, with directions to the trial court to take such other and further proceedings in the matter as shall accord with said Supreme Court opinion, it stands in the court below the same as if no trial had been had. Pleadings could be amended, supplementary pleadings filed, and new issues formed under proper restric-

tions. If the parties could amend their pleadings in such a way as to conform to the views of the Supreme Court in relation to the allegation of facts necessary to entitle them to the relief sought, they ought not to be deprived of that right merely because they and the trial court had previously been in error as to the theory of the case. The court below, in justice to the parties, should permit such amendments upon such terms as to costs as it thought just, and it is reversible error to refuse to do so. Ball v. Rankin, 23 Okl. 801, 101 P. 1105."

[8] Obviously, where a pleading or failure to plead is claimed to operate as a waiver of some defense which might have been pleaded, the practice in the jurisdiction in which that situation is said to have resulted, must largely, if not exclusively, condition the merit of that claim. From the quoted language of the Oklahoma Supreme Court it would seem beyond question that it is now open to appellant to interpose, by amendment, any additional defense he may have, at least if not inconsistent with his former position, and even to the extent of changing his theory of the case. The plea of res adjudicata is not inconsistent with his former answer. It constitutes merely an additional defense. He may still insist that the ground upon which the appellees now seek to cancel the deeds to Burris and Jefferies is without merit; such insistence is not inconsistent with the claim that the action is barred. The rule announced by the Supreme Court of Oklahoma accords with that prevailing generally. The appellate court passed upon no issues except those presented in the record on appeal. Upon remanding the case stands in the court below the same as if no trial had been had. If, in the first instance, appellant by his answer had failed to set up the defense of res adjudicata, and by amendment, before trial, had included this defense, could it be said that by his failure to include it in his original answer he had waived it, and was precluded from asserting it by amendment? Clearly not. That situation is not different from that here presented under the rule announced by the Oklahoma court of last resort. We think, therefore, under the Oklahoma practice, as well as that prevailing generally under similar circumstances, appellant has not waived his right to this defense.

[9] It remains then to consider whether power is lodged in the District Court for the Eastern District of Oklahoma to grant the relief prayed in appellant's bill; that power has been declared in many decisions of the Supreme Court and of this court. In Root v. Woolworth, 150 U. S. 401–411, 14 S. Ct. 136, 139 (37 L. Ed. 1123), it is said: "The jurisdiction of courts of equity to interfere and effectuate their own decrees by injunctions or writs of assistance in order to avoid the relitigation of questions once settled between the same parties, is well settled." And further, as applied to the facts in that case: "Under this principle Morton could undoubtedly have brought the bill to carry into effect the decree rendered in his favor against Root, and it is equally clear that his assignee, or privy in estate, has a right to the same relief that Morton could have asserted."

And this court, in Swift v. Black Panther Oil & Gas Co., 244 F. 20–22, 156 C. C. A. 448, 450, has declared that: "In a case in which a federal court first obtains jurisdiction of the subject-matter in controversy, and where it acts in aid of its own jurisdiction to render its orders or decrees, or the title or disposition under them of the property within that jurisdiction, effectual, it may, notwithstanding section 720, Revised Statutes, now section 265 of the Judicial Code [Comp. St. § 1242], enjoin or restrain all proceedings in the state court which would have the effect of defeating or impairing its jurisdiction, or the orders, decrees, or titles it has made or is making in the exercise thereof." See, also, Wehrman v. Conklin, 155 U. S. 314–329, 15 S. Ct. 129, 39 L. Ed. 167; Wabash R. R. Co. v. Adelbert College of the Western Reserve University, 208 U. S. 38, 28 S. Ct. 182, 52 L. Ed. 379; Julian v. Central Trust Co., 193 U. S. 93, 24 S. Ct. 399, 48 L. Ed. 629; Gunter v. Atlantic Coast Line R. R. Co., 200 U. S. 273, 26 S. Ct. 252, 50 L. Ed. 477.

It results from the conclusions herein reached that the order of the trial court must be reversed and the case remanded for further proceedings in accordance with the views herein expressed.